**UNITED STATES of America, Plaintiff,**

v.

**Thomas G. SHERRETT, aka Thomas Sullivan; et al., Defendants.**

**No. CR 92–298–JO.**

United States District Court,
D. Oregon.

Feb. 8, 1995.

Kristine Olson Rogers, U.S. Atty., Dist. of Or., Charles W. Stuckey, Kenneth C. Bauman, Michael W. Mosman, Asst. U.S. Attys., U.S. Attys. Office, Portland, OR, John S. Ransom, Ransom Blackman & Weil, Portland, OR, for defendant Sherrett.

Robert C. Weaver, Jr., Garvey Schubert & Barer, Portland, OR, for defendant Thanh Hai Vominh.

Norman Sepenuk, Portland, OR, for defendant Tan Vominh.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

ROBERT E. JONES, Judge:

Defendants Thomas Sherrett, Thanh Hai Vominh, and Tan Vominh move to dismiss the indictment in this action on the grounds that it violates the Double Jeopardy Clause of the Fifth Amendment. The government moves for an order staying the proceedings pending final resolution of the *$405,089* case or, if no stay is issued, it argues that defendants' motion should be denied.

### FINDINGS OF FACT

The following statement of the case has been drawn primarily from the government's opposition memorandum, filed on January 18, 1995.

I. *Civil Forfeiture Proceedings.*

Beginning in 1988, and continuing through 1990, the government filed a series of civil forfeiture actions against certain properties, both real and personal, in which defendants had, or claimed to have had, a possessory interest. These forfeiture proceedings, all of which preceded the filing of the criminal indictment, form the basis of defendants' motions in the present case. The pertinent facts regarding each of these proceedings are as follows:

A. *United States v. All Funds, etc., et al.,* Civil No. 88–871–BE

On August 2, 1988, the United States filed a civil *in rem* forfeiture complaint seeking forfeiture of funds located in several bank accounts, as well as $277,080.00 in currency seized at 7238 S.E. 27th Avenue, Portland, Oregon, the residence of defendant Sherrett. All of the bank accounts were allegedly held in the name of the Vominhs, with the exception of one account, containing $18,716.55, allegedly held in the name of Thomas Sherrett. The government contended that the funds in the accounts and the currency were proceeds of unlawful drug activity, forfeitable under 21 U.S.C. § 881(a)(6). Verified claims and a joint answer to the complaint were filed on September 30, 1988, by Tan Vominh and Thanh Hai Vominh, claiming only the bank accounts held in their name. Defendant Sherrett made no claim to the money seized from his account.

The Vominhs entered into a settlement agreement with the United States on April 10, 1992. A final judgment of forfeiture was entered on April 28, 1992. The judgment provided for the return of $78,825.00 to the Vominhs, as well as a $5,000 cost bond in a related case. The funds remaining in the other accounts were forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

None of the defendants filed a claim to the $277,080.00 in currency found at Sherrett's residence. A judgment of forfeiture by default was entered as to the currency on January 24, 1989.

B. *United States v. Certain Articles of Jewelry, Gems and Gold,* Civil No. 88–1109–BE.

On September 26, 1988, the United States filed a civil *in rem* forfeiture complaint seeking forfeiture of 115 pieces of jewelry, gems, and gold, which were alleged to be proceeds of illegal drug activity, forfeitable under 21

U.S.C. § 881(a)(6). Defendant Thanh Hai Vominh filed a claim as to all of the property to be forfeited and an answer to the complaint. Defendants Sherrett and Tan Vominh filed no claim. The government sought and obtained a summary judgment of forfeiture as to one diamond on August 3, 1989, after counsel for Vominh advised the court that his client had elected not to contest the motion. Thereafter, Thanh Hai Vominh and the United States entered into a settlement agreement, pursuant to which the court entered a final judgment of forfeiture on April 28, 1992. Under the terms of the judgment, some of the items seized were forfeited to the government, while the remaining property was returned to Thanh Hai Vominh.

C. *United States v. One Parcel of Real Property with Buildings, Appurtenances, and Improvements Commonly Known As 7238 S.E. 27th Avenue,* Civil No. 88–1363–FR.

On or about November 29, 1988, the United States filed a civil *in rem* forfeiture complaint seeking forfeiture of defendant Sherrett's residence located at 7238 S.E. 27th Avenue in Portland. The complaint alleged two grounds for forfeiture: (1) that the property was forfeitable under 21 U.S.C. § 881(a)(6) as proceeds traceable to an exchange of a controlled substance, in violation of 21 U.S.C. § 841(a)(1); and (2) that the property was forfeitable under 21 U.S.C. § 881(a)(7) in that it had been used to facilitate the manufacture, distribution, and dispensing of controlled substances, also in violation of 21 U.S.C. § 841(a)(1).

No claim was filed as to the 27th Avenue property. A final judgment of forfeiture by default was entered on March 13, 1989.

D. *United States of America v. Miscellaneous Articles of Jewelry, Gems and Gold, In Rem,* Civil No. 89–69–FR.

On January 19, 1989, the United States filed a civil *in rem* forfeiture complaint seeking forfeiture of miscellaneous articles of jewelry seized at defendant Sherrett's residence, 7238 S.E. 27th Avenue in Portland. The complaint alleged that the jewelry was forfeitable under 21 U.S.C. § 881(a)(6) as proceeds traceable to an exchange of controlled substances. Thanh Hai Vominh was the only defendant to file a claim in the proceeding. A final judgment of forfeiture in favor of the United States was entered on July 31, 1989, with respect to the defendant *in rem*, one diamond. A final judgment of forfeiture as to the remaining jewelry was filed on April 28, 1992. The judgment provided for the return of certain pieces of jewelry to Thanh Hai Vominh.

E. *United States v. One Parcel of Real Property, etc.,* Civil No. 90–691–BE.

The United States filed a civil *in rem* forfeiture complaint on July 13, 1990, seeking forfeiture of commercial real estate located on S.E. Morrison in Portland, Oregon. The complaint alleged two grounds for forfeiture: (1) that the property had been purchased with the proceeds of unlawful drug activity, rendering it forfeitable under 21 U.S.C. § 881(a)(6); and (2) that the property had been involved in a series of currency structuring transactions, rendering it forfeitable under 18 U.S.C. § 981(a)(1)(C).

Defendants Thanh Hai Vominh and Tan Vominh filed claims to the property on August 20, 1990. Defendant Sherrett did not file a claim. On January 24, 1991, the parties filed a settlement agreement under which the Vominhs agreed to pay the United States the sum of $15,000, in exchange for the government's agreement to dismiss the action. An order of dismissal, with prejudice, was entered on February 8, 1991. No final judgment of forfeiture was entered with respect to the real property or the $15,000.

F. *United States of America v. Block 139 East, Portland,* Civil No. 90–1069–BE.

The United States filed a civil *in rem* forfeiture complaint on October 18, 1990, seeking forfeiture of a parcel of commercial real estate immediately adjacent to the property seized in Civil No. 90–691–BE. Defendants Thanh Hai Vominh and Tan Vominh entered into a settlement agreement whereby they agreed to pay the United States the sum of $12,500. As part of the settlement agreement, the case was dismissed on Octo-

ber 22, 1990. Defendant Sherrett was not a party to the settlement agreement.

### G. *Administrative Forfeitures.*

Defendant Sherrett contends that certain items of property were administratively forfeited. He describes two such forfeitures, a DEA seizure involving 50,000 shares of stock valued at $25,000 and a DEA seizure involving an automobile. Sherrett filed no claim in either proceeding.

### II. *Criminal Proceedings.*

On September 23, 1992, the grand jury returned a 147–count indictment against defendants Thomas Sherrett, Thanh Hai Vominh, and Tan Vominh.[1] Count 1 of the indictment charges defendants with conspiracy to violate federal drug laws during a period between November 1986 and July 1988, in violation of 21 U.S.C. §§ 846 and 963. It lists 91 overt acts allegedly committed in furtherance of the conspiracy. Count 2 charges distribution of marijuana beginning in October 1987, in violation of 21 U.S.C. § 841(a)(1). Count 3 charges importation of marijuana between October and November 1987, in violation of 21 U.S.C. §§ 952(a) and 960. Counts 4 and 5 charge defendants with money laundering of sums exceeding seven million dollars in March and May of 1988, in violation of 18 U.S.C. § 1956(a)(1)(A)(i). Counts 6 through 17 charge specific acts of structuring currency transactions, in violation of 31 U.S.C. § 5313(a). The remaining 130 counts, numbered 18 through 147, charge defendants with money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B).

The Vominhs were arraigned on November 27, 1992. Trial was originally set for January 26, 1993, before Judge Redden. At defendants' request, trial was set over to July 7, 1993. The trial date was then reset to July 13, 1993, at the government's request. Subsequently, again at the request of the defense, trial was continued to September 14, 1993, and then to February 22, 1994.

Defendant Thomas Sherrett was arrested in Amsterdam in December 1993. The government moved for a further continuance in order to allow trial to proceed with Sherrett. Extradition proceedings were completed with the arrival of Sherrett in Portland in December 1994. The delay incident to the extradition process was with the consent of Tan Vominh, but over the objection of Thanh Hai Vominh. The case is currently awaiting the setting of a new trial date before Judge Redden.

## CONCLUSIONS OF LAW

Defendants argue that this prosecution covers the same criminal conduct for which they were punished in the forfeiture proceedings. They seek dismissal of the indictment under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. The government, in its opposition brief, concedes that prosecution of defendants Thanh Hai Vominh and Tan Vominh on charges of importation and distribution, as alleged in Counts 2 and 3 of the indictment, is barred on double jeopardy grounds. It maintains, however, that the remaining counts require elements of proof not at issue in the civil proceedings and, as to these offenses, double jeopardy does not apply. I am called upon to decide the matter.

▉ There is no question that proceedings in the related civil forfeiture cases had reached a conclusion by the time the indictment was filed. Whether defendants are being subjected to double jeopardy as a result of the pending prosecution, however, depends on a comparison of the forfeiture allegations and the criminal charges. If a forfeiture offense and a criminal offense each contain an element not contained in the other, they cannot be considered the same offense for double jeopardy purposes. *United States v. Dixon,* —— U.S. ——, ——, 113 S.Ct. 2849, 2856, 125 L.Ed.2d 556 (1993) (reinstating the "same elements" test of *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)).[2] It is the

---

1. A fourth defendant, Hiep Voquy, was also named in the indictment. Defendant Voquy is the brother of defendant Thanh Hai Vominh. He has not moved to dismiss the indictment and,

consequently, he is not before the court at this time.

2. Under the *Blockburger* standard, where two or more statutory offenses require proof of different

524

responsibility of the district court to determine whether the offenses are, in substance, the same. *United States v. One 1978 Piper Cherokee Aircraft*, 37 F.3d 489 (9th Cir.1994). Because defendants' challenge to the indictment is analogous to a motion to suppress evidence under the Fourth Amendment, it is their burden to show that their double jeopardy rights have been violated. *See, e.g., United States v. Lomas*, 706 F.2d 886, 895 (9th Cir.1983), *cert. denied,* 464 U.S. 1047, 104 S.Ct. 720, 79 L.Ed.2d 182 (1984) ("[Defendant] will have the burden of proving that his own fourth amendment rights were violated.").

There is, however, a threshold matter I must address before proceeding to the *Blockburger/Dixon* analysis. Although the Ninth Circuit has taken the position that separate criminal and civil forfeiture proceedings based on the same offense may violate the double jeopardy clause, it is clear that not every civil forfeiture action results in jeopardy. Indeed, this court has recently held that jeopardy does not attach in a forfeiture proceeding until a final judgment of forfeiture has been entered. *United States v. Stanwood*, 872 F.Supp. 791 (D.Or.1994). In another recent decision, this court ruled that jeopardy will not attach in a forfeiture case as to a defendant who has failed to assert a claim to the seized property. *United States v. Branum*, 872 F.Supp. 801 (D.Or.1994). Therefore, my first task is to determine which of the above forfeiture actions resulted in the imposition of a punitive sanction, or jeopardy, and which of the defendants bore the punishment.

I. *Which forfeiture actions resulted in jeopardy?*

■ As indicated above, defendant Sherrett did not assert a claim in connection with any of the forfeiture proceedings filed by the government. Having voluntarily absented himself from the proceedings, Sherrett was at no risk of a determination of guilt. *See Branum*, 872 F.Supp. at 802–03 ("As a nonparty, Branum was at no risk of jeopardy...."); *United States v. Torres*, 28 F.3d 1463 (7th Cir.1994) ("[W]ithout risk of a determination of guilt, jeopardy does not attach."). Further, the forfeiture of unclaimed property, found upon probable cause to be tainted by illegal drug activity, does not, in the court's view, constitute punishment as to defendant Sherrett. Accordingly, the government's pursuit of civil forfeiture remedies did not place Sherrett in jeopardy. Under these circumstances, there is no need to undertake a *Blockburger/Dixon* analysis of the charges filed against Sherrett. Because Sherrett cannot establish prior jeopardy, his motion to dismiss the indictment on double jeopardy grounds must be denied.

■ Unlike Sherrett, defendants Thanh Hai Vominh and Tan Vominh filed claims in some, but not all, of the forfeiture actions filed by the government. They failed to contest the forfeiture in *United States v. One Parcel of Real Property with Buildings, Appurtenances, and Improvements Commonly Known As 7238 S.E. 27th Avenue*, Civil No. 88–1363–FR, the case involving the seizure of Sherrett's residence. For the reasons just stated, the Vominhs incurred no jeopardy as a result of this action. In addition, only defendant Thanh Hai Vominh filed claims in *United States v. Certain Articles of Jewelry, Gems and Gold*, Civil No. 88–1109–BE, and *United States of America v. Miscellaneous Articles of Jewelry, Gems and Gold, In Rem*, Civil No. 89–69–FR. Therefore, her husband, Tan Vominh, was at no risk of jeopardy in those proceedings.

■ I further observe that two cases in which the Vominhs asserted claims, *United States v. One Parcel of Real Property, etc.*, Civil No. 90–691–BE, and *United States of America v. Block 139 East, Portland*, Civil No. 90–1069–BE, were resolved by agreement of the parties without entry of a final

---

elements, the government may proceed with separate prosecutions without violating the prohibition against double jeopardy, even if the offenses involve the same set of facts. *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182. The Court's decision in *Dixon* signaled its abandonment of the transactional test announced in *Grady v. Corbin*,

495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). Under the *Grady* approach, the government was precluded from instituting successive prosecutions against the same defendant based on the same underlying conduct, even if the prosecutions involved statutes containing different elements.

judgment of forfeiture. As I stated in *Stanwood*, such agreements lack the finality associated with a court judgment: "It is the decree of the court, not the agreement of the parties, that speaks the final word concerning the ownership of forfeitable property." *Stanwood*, 872 F.Supp. at 800. Moreover, by resolving their claims to the seized property by way of settlement agreements, the Vominhs avoided the threat of jeopardy that civil forfeiture proceedings entail. Accordingly, the Vominhs incurred no jeopardy in either of these actions.

By process of elimination, I conclude that defendant Tan Vominh was penalized by the forfeiture of property in one case, *United States v. All Funds, etc., et al.*, Civil No. 88–871–BE. Thanh Hai Vominh was penalized in that forfeiture action, and in two others as well, *United States v. Certain Articles of Jewelry, Gems and Gold*, Civil No. 88–1109–BE, and *United States of America v. Miscellaneous Articles of Jewelry, Gems and Gold, In Rem*, Civil No. 89–69–FR. Whether the present indictment constitutes double jeopardy as to either Vominh must be determined by applying the *Blockburger/Dixon* test to the allegations of these forfeiture cases. The offenses giving rise to the remaining forfeiture actions, which resulted in no jeopardy as to the Vominhs, need not enter into the analysis.

## II. *The Blockburger/Dixon Analysis.*

■ The test to determine whether prosecution of two statutory crimes offends double jeopardy "inquires whether each offense contains an element not contained in the other." *Dixon*, —— U.S. ——, 113 S.Ct. at 2856. I will begin the analysis with an examination of

the complaints and supporting affidavits in the forfeiture cases in order to identify the underlying criminal conduct. I will then compare the forfeiture offenses with the criminal charges still at issue, conspiracy, money laundering, and structuring.[3]

### A. *The Forfeiture Offenses.*

All of the forfeiture cases with which we are concerned were brought under 21 U.S.C. § 881(a)(6), which provides:

(a) The following shall be subject to forfeiture to the United States ...:

(6) All moneys ... or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys ... used or intended to be used to facilitate any violation of this subchapter....

The statute's reference to "this subchapter" refers to Subchapter I of Title 21, which comprises §§ 801 to 904. Included in this set of statutes are § 841(a)(1), which criminalizes the manufacture, distribution or dispensing of controlled substances, as well as possession with intent to engage in such activity, and § 846, which concerns the crime of conspiracy.

Importation of controlled substances likewise falls within the reach of § 881(6). Section 965 of Title 21 provides:

For purposes of the application of this section to section 880 or 881 of [Title 21], any reference in such section 880 or 881 of [Title 21] to "this subchapter" shall be deemed to be a reference to this subchapter....

---

**3.** The government, interpreting the *Blockburger/Dixon* test in the most concrete terms, argues that separate criminal prosecutions and forfeiture proceedings can never give rise to double jeopardy simply because the former are *in personam*, while the latter are *in rem*. The argument is without merit. With regard to the sanction of civil forfeiture, "[t]he Supreme Court has cast aside the fiction that the property rather than its owner is the offender." *United States v. McCaslin*, 863 F.Supp. 1299, 1303 (W.D.Wash. 1994) (citing *Austin v. United States*, —— U.S. ——, ——, 113 S.Ct. 2801, 2808, 125 L.Ed.2d 488 (1993)). Moreover, the Ninth Circuit panel was undoubtedly aware of the fundamental dif-

ferences between criminal prosecutions and civil forfeitures when it decided *United States v. $405,089.23 U.S. Currency*, 33 F.3d 1210 (9th Cir. 1994), yet still it recognized the possibility of double jeopardy where dual criminal and civil proceedings are commenced. *See also, United States v. Barton*, 46 F.3d 51 (9th Cir.1995). Thus, the government's argument does not accord with the law of this Circuit. Finally, the government's interpretation of the *Blockburger/Dixon* standard cannot be reconciled with its admission that the importation and distribution charges are subject to dismissal on double jeopardy grounds.

The violation of 21 U.S.C. §§ 952 and 960 may, therefore, serve as the basis for forfeiture of property under § 881(a)(6).

The question before the court is which of the offenses enumerated in "this subchapter" (i.e., Subchapter I, Title 21), provided justification for the forfeitures in *All Funds, Miscellaneous Articles of Jewelry,* and *Certain Articles of Jewelry.*

The forfeiture complaint in *All Funds* is supported by the affidavits of IRS Special Agent Ron Haworth, dated July 26 and 27, 1988, and the affidavit of DEA Special Agent Al Santos, dated August 1, 1988. The affidavits provide a detailed description of defendant Sherrett's involvement in a marijuana trafficking organization centered in Thailand.

The affidavit of Special Agent Haworth is illustrative. Haworth asserts that Sherrett was responsible for the importation of large amounts of Thai marijuana into Oregon and other parts of the United States. Defendants Thanh Hai Vominh and Tan Vominh were identified as associates of Sherrett in the drug operation. According to Haworth, their job was to launder the profits from Sherrett's marijuana trade through the purchase of real estate and by structuring illegal banking transactions. The affidavit provides a detailed account of the activities of the defendants during the course of a lengthy IRS investigation, including descriptions of drug importation activities, discussions pertaining to the conspiracy, purchases of property, and numerous banking transactions. Haworth summarizes his findings succinctly:

> I have reason to believe that the individuals named in this affidavit have been and are continuing to further violate laws prohibiting the importation and distribution of marijuana, conspiracy, and money laundering.

*See* Affidavit of Ronald Haworth, submitted as Defendants' Joint Exhibit B2, p. 16.

The forfeiture complaint in *Miscellaneous Articles of Jewelry* is supported by the affidavit of Special Agent Santos, dated December 13, 1988, which in turn incorporates the Haworth affidavit in the *All Funds* case. The complaint in *Certain Articles of Jewelry* is also supported by an affidavit prepared by Santos. The affidavit, dated September 20, 1988, again incorporates the Haworth affidavit in *All Funds.* The Santos affidavits in the jewelry forfeiture cases strengthen the government's case that the seized jewelry was traceable to drug activity, but contain little additional information concerning Sherrett's international drug trafficking operation.

## B. *The Indictment.*

■ The indictment contains a conspiracy count (Count 1), an importation count (Count 2), a distribution count (Count 3), 12 money structuring counts (Counts 6 through 17), and over 100 money laundering counts (Counts 4, 5, and 18 through 147). The structuring charges, brought pursuant to 31 U.S.C. § 5313(a), and the money laundering charges, brought pursuant to 18 U.S.C. § 1956(a)(1)(A)(i) and (B), are not found in Title 21 of the United States Code. Accordingly, these charges do not fall within the reach of the forfeiture statute relied on by the government, 21 U.S.C. § 881(a)(6). Furthermore, the forfeiture complaints in *All Funds, Miscellaneous Articles of Jewelry,* and *Certain Article of Jewelry* make no mention of either the money laundering statutes or the structuring statutes, but instead rely exclusively on § 881(a)(6) as the basis of forfeiture. Consequently, defendants were not penalized for their money laundering and structuring activities in any of the above forfeiture actions. The government may therefore proceed against defendants on these counts.[4]

4. Defendants argue that the forfeiture complaints in *United States v. One Parcel of Real Property, etc.,* Civil No. 90–691–BE, and *United States of America v. Block 139 East, Portland,* Civil No. 90–1069–BE, contain specific allegations of illegal structuring transactions under 18 U.S.C. § 981. For this reason, they contend, these actions concerned the same conduct addressed by Counts 6 through 17 of the indictment. The

argument is without merit. As I have already held, the Vominhs incurred no jeopardy in any of the real estate forfeiture cases brought by the government. Even if that were not the case, the property transactions at issue in the above forfeiture actions are unrelated to the structuring counts in the indictment. Counts 6 through 17 of the indictment refer specifically to structuring

The remaining charge at issue, conspiracy, pertains to an offense listed in Subchapter 1, Title 21. A conspiracy charge can, under certain circumstances, support the forfeiture of property under § 881(a)(6). This was made plain in *$405,089.23*, where the panel ruled that forfeiture of the defendants' property under 21 U.S.C. § 881(a)(6), following their conviction on conspiracy charges, violated the Double Jeopardy Clause. Similar circumstances are present here. The affidavits of Special Agents Haworth and Santos depict a far-reaching conspiracy among the defendants involving the importation of marijuana into the United States, the deposit of drug proceeds in bank accounts, and the conversion of other proceeds into various assets. Presumably, the government could have premised its forfeiture cases on a single offense, such as identification of the subject property as proceeds traceable to the distribution of marijuana in violation of § 841(a)(1). Instead, the government's pleadings reflect a more inclusive prosecutorial approach, offering up a breadth of criminal activity as justification for the forfeitures. As a result, a substantial portion of the government's criminal case against defendants was brought to bear in the forfeiture proceedings, including the allegations of conspiracy.[5] A review of the forfeiture complaints and supporting documentation compels the conclusion that the conspiracy charge (as well as the charges of importation and distribution), served as a basis for the forfeitures.[6]

The government maintains that the offense of conspiracy requires proof of an illegal agreement, an element not required to establish a basis for civil forfeiture. It therefore concludes that conspiracy and forfeiture must be treated as separate offenses under *Blockburger/Dixon*. As a matter of law the government's argument is foreclosed by

*$405,089.23*. In addition, it cannot be squared with the facts at hand. As I have stated, the government's forfeiture pleadings clearly make a case for conspiracy. If the government were to offer proof of the allegations contained in the affidavits of Haworth and Santos at trial, there is little question that the evidence would support a conviction for conspiracy under 21 U.S.C. § 846. It is immaterial that the government could have constructed its forfeiture cases in a manner that omitted the allegations of conspiracy. It did not do so.

## CONCLUSION

For the foregoing reasons, the government's motion to stay (# 119) is denied, the motions to dismiss of defendants Thanh Hai Vominh and Tan Vominh (# s 117 and 114, respectively) are granted in part and denied in part, and the motion to dismiss of defendant Sherrett (# 130) is denied. Accordingly, the prosecution of defendants Thanh Hai Vominh and Tan Vominh on charges of conspiracy, importation, and distribution, as alleged in the indictment filed on November 23, 1992, is barred by the constitutional prohibition against double jeopardy. The United States may proceed on the remaining charges against all defendants named in the indictment.

---

transactions at financial institutions, not purchases of real estate.

**5.** This point is convincingly illustrated by the annotated copy of the indictment, jointly submitted by counsel for the defendants in connection with their motions to dismiss.

**6.** Defendants Thanh Hai Vominh and Tan Vominh maintain that the conspiracy count, which sets forth a litany of overt acts allegedly undertaken by the named defendants, encompasses the

same conduct addressed in the money laundering and structuring counts. On this basis, they argue that the dismissal of the conspiracy count compels dismissal of the money laundering and structuring counts. The argument is without merit. It is well settled that "a substantive crime, and a conspiracy to commit that crime, are not the "same offense" for double jeopardy purposes." *United States v. Felix*, 503 U.S. 378, ———, 112 S.Ct. 1377, 1384, 118 L.Ed.2d 25 (1992).