UNITED STATES of America

v.

**Luis Palacios AMAYA, Defendant.**

**No. CR 93–327–RE.**

United States District Court,
D. Oregon.

Feb. 9, 1995.

Kristine Olson Rogers, U.S. Atty., Dist. of Or., Michael W. Mosman, Asst. U.S. Atty., Portland, OR, for U.S.

F. de la Puente Allen, Salem, OR, for defendant.

## *OPINION AND ORDER*

ROBERT E. JONES, Judge:

Defendant Luis Palacios Amaya moves to dismiss the indictment against him, contending that the prosecution violated his rights under the Double Jeopardy Clause of the Fifth Amendment. After considering the evidence and arguments presented by the parties, I conclude that the motion must be denied.

## FINDINGS OF FACT

In November 1993, federal and state agents investigating a cocaine distribution ring searched the home of defendant Palacios and seized 15 firearms. On December 8, 1993, the federal grand jury issued a multiple count indictment charging Palacios and several co-defendants with drug and firearms violations. On December 9, 1993, the Bureau of Alcohol, Tobacco and Firearms mailed Palacios a notice of intent to forfeit the firearms based on a violation of Title 18 U.S.C., Chapter 44. Palacios received notice of the forfeiture but did not file a claim. The forfeiture notice indicated that any claim should be filed by January 16, 1994. Although it is undisputed that the firearms have not been returned to Palacios, there is conflicting evidence regarding whether the administrative forfeiture was ever completed.

On June 6, 1994, Palacios entered a guilty plea to Count 5 of the indictment, which alleged distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). On August 29, 1994, Palacios was sentenced to 41 months in prison.

## CONCLUSIONS OF LAW

Palacios contends that his criminal conviction occurred after he forfeited property based on the same offense, in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. The United States contends that Palacios' motion must fail because the administrative forfeiture was never completed and thus jeopardy did not attach in the forfeiture proceeding.

█ As stated above, it is unclear whether the administrative forfeiture was completed. However, it is not necessary to make a finding on that point, as it is undisputed that Palacios had notice of the intended forfeiture and failed to assert a claim. I have previously ruled that jeopardy does not attach with respect to a person who fails to assert a claim in civil forfeiture proceedings. *United States v. Sherrett,* 877 F.Supp. 519 (D.Or. 1995); *United States v. Branum,* 872 F.Supp. 801 (D.Or.1994). The civil forfeiture proceeding does not constitute punishment as to such a person because "without risk of a determination of guilt, jeopardy does not attach." *United States v. Torres,* 28 F.3d 1463, 1465 (7th Cir.1994) (*quoting Serfass v. United States,* 420 U.S. 377, 391–92, 95 S.Ct. 1055, 1064, 43 L.Ed.2d 265 (1975)). Accordingly, even assuming that the administrative forfei-

ture was completed before Palacios' conviction, jeopardy did not attach in the forfeiture proceeding.

■ In addition, it is apparent that the criminal conviction and the forfeiture were based on different offenses. Palacios pleaded guilty to a single count of the indictment which alleged the distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). The forfeiture, assuming that it was completed, was based upon 18 U.S.C. § 923(d), which authorizes the forfeiture of firearms used or intended to be used in the violation of a criminal law of the United States. Thus, the criminal conviction and the forfeiture were based on different statutes containing different elements. Under the *Blockburger/Dixon* test the forfeiture offense and the criminal offense cannot be considered to be the same for double jeopardy purposes.[1] I conclude that Palacios' criminal conviction did not violate the Double Jeopardy Clause.

## CONCLUSION

For the foregoing reasons, Palacios's motion to dismiss the indictment (# 348) is denied.

---

**1.** *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *United States v. Dixon*, —— U.S. ——, ——, 113 S.Ct. 2849, 2856, 125 L.Ed.2d 556 (1993). *See United States v. Sherrett*, 877 F.Supp. 519 (D.Or.1995) (applying *Blockburger/Dixon* test in civil forfeiture context).