UNITED STATES of America

v.

**Larry Steven MALONE, Defendant.**

No. CR 93–310–HA.

United States District Court,
D. Oregon.

Feb. 9, 1995.

Kristine Olson Rogers, U.S. Atty., Dist. of Or., Robert G. Thomson, Asst. U.S. Atty., Portland, OR, for U.S.

Charles J. Wiseman, Portland, Salem, OR, for defendant.

*ORDER*

ROBERT E. JONES, District Judge.

The court has received defendant's motion to dismiss the indictment (# 203). The motion is denied.

This court has recently ruled that a state forfeiture that precedes a federal criminal prosecution does not constitute double jeopardy barring the federal prosecution. *See United States v. Ronald Lynn Branum,* 872 F.Supp. 801 (D.Or.1994). In addition, this court has held that jeopardy will not attach in a forfeiture case as to a defendant who has failed to assert a claim to the seized property. *Id.; see also, United States v. Sherrett,* 877 F.Supp. 519 (D.Or.1995).

In this case, the motorcycle and currency were forfeited pursuant to 1989 Oregon Laws, Chapter 791, by Multnomah County, a political subdivision of the State of Oregon, in Multnomah County District Court. The defendant did not file an answer or otherwise contest the forfeiture. Because the defendant presents no special circumstances that would bring him under an exception to the dual sovereignty doctrine, and because he failed to assert a claim in the forfeiture proceeding, the Double Jeopardy Clause does not bar his prosecution for the offenses alleged in the indictment.

IT IS SO ORDERED.