**UNITED STATES of America, Plaintiff,**

v.

**William Roger WEHR, Defendant.**

No. CR 92–360–RE.

Civ. No. 94–1259–RE.

United States District Court,
D. Oregon.

March 2, 1995.

Kristine Olson Rogers, U.S. Atty., D. Or. Neil J. Evans, Leslie J. Westphal, Asst. U.S. Atty., Portland, OR, for U.S.

Steven T. Wax, Federal Public Defender, Colleen Scissors, Asst. Federal Public Defender, Portland, OR, for defendant.

## OPINION AND ORDER

ROBERT E. JONES, District Judge:

Defendant Roger William Wehr moves to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, contending that his conviction following an administrative forfeiture violated the double jeopardy clause. After considering the arguments presented by the parties I conclude that the motion must be denied.

## BACKGROUND

The facts are clear from the briefs presented by the parties. On April 23, 1992, Mark Triplett was arrested for passing counterfeit $20.00 federal reserve notes. The next day, counterfeit $50.00, $20.00 and $10.00 federal reserve notes were seized from a motel room in Boise, Idaho which was shared by Triplett and defendant Wehr. Investigators determined that the counterfeit notes had been transported from Salem, Oregon to Boise by Wehr, using his 1984 Cadillac Seville. In May 1992 U.S. Secret Service agents and Salem police executed a search warrant on Wehr's Salem, Oregon residence and found equipment and paper used to manufacture counterfeit federal reserve notes. Wehr's Cadillac was seized for violation of 18 U.S.C. §§ 472 and 473, which prohibit dealing in, uttering and possession of counterfeit obligations of the United States.

On June 11, 1992, Wehr and his wife were notified of the seizure and proposed forfeiture of the Cadillac. Neither of them filed a claim, and on August 15, 1992, the Cadillac was administratively forfeited by the U.S. Customs Service.

In November 1992 a four-count federal indictment issued which charged Wehr with violations of 18 U.S.C. §§ 471, 474, 473 and 1028. On January 25, 1993, Wehr entered guilty pleas to Count 1, counterfeiting federal reserve notes (§ 471), and Count 4, production of false identification documents (§ 1028). Wehr was sentenced to 12 months and a day. Wehr is currently serving this sentence, but is scheduled to be transferred to a community corrections facility on March 14, 1995, and to be placed on supervised release as of April 14, 1995.

## DISCUSSION

The parties raise a number of interesting and novel issues. However, it is unnecessary to address these issues because it is undisputed that Wehr had notice of the intended administrative forfeiture and failed to assert a claim. I have previously ruled that jeopardy does not attach with respect to a person

who fails to assert a claim in civil forfeiture proceedings. *United States v. Sherrett,* 877 F.Supp. 519 (D.Or.1995); *United States v. Branum,* 872 F.Supp. 801 (D.Or.1994). The civil forfeiture proceeding does not constitute punishment as to such a person because "without risk of a determination of guilt, jeopardy does not attach." *United States v. Torres,* 28 F.3d 1463, 1465 (7th Cir.1994) (*quoting Serfass v. United States,* 420 U.S. 377, 391, 95 S.Ct. 1055, 1064, 43 L.Ed.2d 265 (1975)).

I am aware of the district court decisions cited by Wehr, in which the court found jeopardy despite the petitioner's failure to file a claim in the forfeiture proceedings. *United States v. Derik Heitzman,* 886 F.Supp. 737 (E.D.Wash., 1994); *United States v. Sotero A. Aguilar,* 886 F.Supp. 740 (E.D.Wash., 1994). However, I am convinced that *Sherrett* and *Branum* state the correct rule. Therefore, I find that Wehr was not subjected to jeopardy in the forfeiture proceeding, and that his subsequent criminal conviction did not violate the Double Jeopardy Clause.

Accordingly, Wehr's motion to vacate his conviction and sentence is denied.