UNITED STATES of America,
Respondent,

v.

Jose DE LA CRUZ TRUJILLO,
Petitioner.

No. CR 87–30–BU.

United States District Court,
D. Oregon.

March 13, 1995.

Kristine Olson Rogers, U.S. Atty., D. of Or., Robert G. Thomson, Asst. U.S. Atty., Portland, OR, for the U.S.

Jose De La Cruz Trujillo, Sheridan, OR, pro se.

---

## ORDER

ROBERT E. JONES, District Judge:

The court has received petitioner's motion to vacate sentence pursuant to 28 U.S.C. § 2255. The motion is denied.

■ The record establishes that petitioner entered a guilty plea in this case on March 25, 1987. At the time of the plea, federal administrative forfeiture proceedings involving a 1972 Mercury Lincoln Continental were underway, but a declaration of administrative forfeiture had not yet been entered. Also at that time, forfeiture proceedings involving numerous other vehicles and several parcels of real estate were pending in Multnomah County Circuit Court, but entry of the final judgment of forfeiture in the case was nearly two years away. Under these circumstances, petitioner first incurred jeopardy upon the court's acceptance of his guilty plea in the criminal case. *See United States v. Stanwood*, 872 F.Supp. 791 (D.Or.1994). Therefore, the criminal conviction cannot constitute double jeopardy.

■ Apart from this timing problem, there are additional reasons why petitioner's claim of double jeopardy must fail. This court has held that jeopardy does not attach in a forfeiture case as to a defendant who has failed to assert a claim to the seized property. *United States v. Sherrett*, 877 F.Supp. 519 (D.Or.1995); *United States v. Branum*, 872 F.Supp. 801 (D.Or.1994). Because petitioner failed to contest the forfeiture of the Continental, he incurred no jeopardy in the administrative proceedings. Further, this court has recognized that the constitutional prohibition against double jeopardy does not apply to proceedings by separate sovereigns. *Id.* Petitioner presents no special circumstances that would bring him under an exception to the dual sovereignty doctrine. Accordingly, the forfeiture proceedings in Multnomah County Circuit Court cannot form the basis of a double jeopardy claim.

Based on the foregoing, petitioner's motion to vacate sentence (#245) is denied.

IT IS SO ORDERED.