Kristine Olson Rogers, U.S. Atty., D.Or., Charles F. Gorder, Jr., Asst. U.S. Atty., Robert D. Nesler, Asst. U.S. Atty., Portland, OR, for U.S.

Paul M. Ferder, Ferder, Brandt & Casebeer, Salem, OR, for defendant.

**UNITED STATES of America**

v.

**Kelly Lawrence JAIN, Defendant.**

**No. CR 93–216–JO.**
**Civ. No. 95–243–JO.**

United States District Court,
D. Oregon.

June 6, 1995.

ROBERT E. JONES, District Judge:

Defendant Kelly Lawrence Jain moves to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, contending that the conviction violated his rights under the Double Jeopardy Clause of the Fifth Amendment. After considering the evidence and arguments presented by the parties, I conclude that the motion must be denied.

In January 1993 federal officers executed a search warrant at Jain's residence, seizing 548 growing marijuana plants, approximately $1,815 in currency, and marijuana growing equipment. The DEA sent Jain notices of intent to forfeit the currency and equipment in March 1993. Jain did not file a claim in these proceedings. The DEA completed administrative forfeitures of the currency and equipment on April 30, 1993, and May 7, 1993, respectively. In July 1993, Jain was charged with manufacture of marijuana. He entered a guilty plea on September 24, 1993, and was sentenced on December 20, 1993.

Jain contends that his criminal conviction following the administrative forfeitures violated his rights under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. The United States contends that double jeopardy is not applicable in this case because Jain did not file a claim in the forfeiture proceedings.

■ I have previously ruled that jeopardy does not attach with respect to a person who fails to assert a claim in civil forfeiture proceedings. *United States v. Sherrett,* 877 F.Supp. 519 (D.Or.1995); *United States v. Branum,* 872 F.Supp. 801 (D.Or.1994). The civil forfeiture proceeding does not constitute punishment as to such a person because "without risk of a determination of guilt, jeopardy does not attach." *United States v. Torres,* 28 F.3d 1463, 1465 (7th Cir.1994) (*quoting Serfass v. United States,* 420 U.S. 377, 391–92, 95 S.Ct. 1055, 1064, 43 L.Ed.2d 265 (1975)).

■ Jain argues that double jeopardy did attach in his case, because although he did not file a claim, he clearly had an interest in the forfeited property. However, the essential question for double jeopardy purposes is not whether Jain had an interest in the forfeited property, but whether he was subjected to jeopardy in the forfeiture proceedings. Jain admittedly chose not to participate in the forfeiture proceedings. Accordingly, I conclude that jeopardy did not attach in the administrative forfeiture proceedings, and that Jain's subsequent criminal conviction did not violate the Double Jeopardy Clause.

### CONCLUSION

For the foregoing reasons, Jain's motion to vacate his conviction and sentence (# 14) is denied.