UNITED STATES of America

v.

Benny Lee NUSSBAUMER, Defendant.

No. CR 93–304–JO, Civ. No. 95–191–JO.

United States District Court,
D. Oregon.

June 29, 1995.

Kristine Olson Rogers, U.S. Atty., D.Or. and Robert G. Thomson, Asst. U.S. Atty., Portland, OR, for the U.S.

Jenny Cooke, Portland, OR, for defendant.

### *ORDER*

ROBERT E. JONES, District Judge:

Defendant Benny Lee Nussbaumer moves to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, contending that the conviction violated his rights under the Double Jeopardy Clause of the Fifth Amendment. After considering the evidence and arguments presented by the parties, I conclude that the motion must be denied.

In June 1993 federal officers executed search warrants at Nussbaumer's residence and another house owned by Nussbaumer, discovering evidence of marijuana growing operations at both locations. On November 16, 1993, Nussbaumer entered a guilty plea to a federal charge of manufacturing marijuana. The two houses were criminally forfeited as part of the plea agreement. On December 3, 1993, the DEA completed the administrative forfeiture of $5,000 which had been seized at the time of the searches. Nussbaumer did not file a claim in the administrative proceedings.

■ Nussbaumer contends that his criminal conviction violated his rights under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution because he was subjected to prior jeopardy for the same offense in the administrative forfeiture proceedings. The United States contends that double jeopardy is not applicable in this case because Nussbaumer did not file a claim in the administrative proceedings and because he entered a guilty plea before the administrative forfeiture was completed.

I have previously ruled that jeopardy does not attach with respect to a person who fails to assert a claim in civil forfeiture proceedings. *United States v. Sherrett,* 877 F.Supp. 519 (D.Or.1995); *United States v. Branum,* 872 F.Supp. 801 (D.Or.1994). The civil forfeiture proceeding does not constitute punishment as to such a person because "without risk of a determination of guilt, jeopardy does not attach." *United States v. Torres,* 28 F.3d 1463, 1465 (7th Cir.1994) *(quoting Serfass v. United States,* 420 U.S. 377, 391, 95 S.Ct. 1055, 1064, 43 L.Ed.2d 265 (1975)).

Nussbaumer argues that double jeopardy did attach in his case, because although he did not file a claim, he clearly had an interest in the forfeited property. However, the essential question for double jeopardy purposes is not whether Nussbaumer had an interest in the forfeited property, but whether he was subjected to jeopardy in the forfeiture proceedings. Nussbaumer admittedly chose not to participate in the forfeiture proceedings. Accordingly, I conclude that jeopardy did not attach in the administrative forfeiture proceedings.

■ In addition, I have consistently held that jeopardy attaches in a criminal case when the court accepts a guilty plea, and that jeopardy attaches in civil forfeiture proceedings when judgment is entered. *United States v. Stanwood,* 872 F.Supp. 791 (D.Or. 1994). The Ninth Circuit recently confirmed this approach in *United States v. Faber,* 57 F.3d 873 (9th Cir.1995). Applying this analysis to the present case, jeopardy attached in the criminal proceedings before the administrative forfeiture was completed. Therefore, Nussbaumer's criminal conviction did not violate the Double Jeopardy Clause.

## CONCLUSION

For the reasons stated above, Nussbaumer's motion to vacate his conviction and sentence under 28 U.S.C. § 2255 is denied. This proceeding is dismissed.