896 F.Supp. 196 (1995)
UNITED STATES of America, Plaintiff,
v.
Douglas Andrew MUTH, Defendant.
No. CR 92-18-MA.
United States District Court, D. Oregon.
July 27, 1995.
*197 Kristine Olson, U.S. Atty., Dist. of Or., Leslie K. Baker, Leslie J. Westphal, Asst. U.S. Attys., Portland, OR, for plaintiff.
Michael R. Levine, Asst. Federal Public Defender, Portland, OR, for defendant.

ORDER
MARSH, District Judge.
On January 23, 1992, a grand jury indicted defendant on one count of manufacturing marijuana, in violation of 21 U.S.C. § 841(a)(1). He entered a plea of guilty as charged on April 6, 1992 and was sentenced to 63 months on October 5, 1992. Defendant moves to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, on the grounds that his criminal conviction was barred by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution because of two prior civil forfeitures, an administrative forfeiture of approximately $50,000 cash and a judicial forfeiture of his residence. Defendant relies upon United States v. $405,089.23 U.S. Currency, 33 F.3d 1210 (9th Cir.1994). The United States opposes the motion on a number of grounds, contending that: 1) the administrative forfeiture did not result in jeopardy; 2) the criminal conviction occurred before jeopardy attached in the civil judicial forfeiture action; 3) defendant waived his double jeopardy claim; 4) $405,089.23 should not be applied retroactively; 5) the civil forfeitures are not "punishment"; and 6) $405,089.23 was wrongly decided.
First, the record establishes that the final judgment of judicial forfeiture of defendant's residence was entered after he entered an unconditional guilty plea to the criminal charge. In United States v. Faber, 57 F.3d 873 (9th Cir.1995), the court held that the entry of the plea is the critical date for purposes of double jeopardy analysis. Jeopardy in a civil forfeiture proceeding, however, does not attach until a final judgment was entered. United States v. Sherrett, 877 F.Supp. 519, 524 (D.Or.1995); United States v. Stanwood, 872 F.Supp. 791, 798 (D.Or.1994). Thus, defendant's attack on his conviction based upon a forfeiture which occurred after entry of his guilty plea must fail.
As to the administrative forfeiture of approximately $50,000 cash, the government argues that defendant's petition fails because the forfeiture was uncontested. Courts in this district have held that jeopardy does not attach in a forfeiture case as to a defendant who has failed to assert a claim to the seized property. Sherrett, 877 F.Supp. at 519 (D.Or.1995), citing United States v. Branum, 872 F.Supp. 801, 803 (D.Or.1994). The court reasoned that a defendant who fails to file a claim is not party to the forfeiture proceeding and thus, is not subject to a determination of guilt. Branum, 872 F.Supp. at 803, citing United States v. Torres, 28 F.3d 1463, 1465 (7th Cir.1994), citing Serfass v. United States, 420 U.S. 377, 391-92, 95 S.Ct. 1055, 1064-65, 43 L.Ed.2d 265 (1975).
Here, defendant filed a claim but failed to post the $250 bond per seizure as required by the regulations. In lieu of posting the bond, defendant requested to proceed in forma pauperis. The FBI denied defendant's request because of unsatisfactory proof of defendant's financial inability to post the bond, and notified him that he had to post the bond within ten days of receipt of the denial to avoid summary forfeiture. Defendant subsequently failed to post the bond and sought no further relief in that proceeding. Thus, the issue is whether, by asserting but failing to perfect a claim in an administrative forfeiture, the defendant was placed in "jeopardy" prior to entering his guilty plea in the criminal case.[1]
The FBI seized the cash pursuant to 21 U.S.C. § 881(a)(6) governing the forfeiture of money related to the possession and sale of controlled substances. Section 881(d) provides that the procedural provisions of the United States Customs Service laws, promulgated in 19 U.S.C. §§ 1602-1619 govern such forfeiture proceedings. 21 U.S.C. § 881. The Customs law specifies that when a person fails to file a timely claim or post a bond, seized property shall be subject to summary *198 forfeiture. 19 U.S.C. § 1608. However, the bond requirement will be waived upon satisfactory proof of financial inability to post the bond. 19 C.F.R. § 162.47(e).
I am unaware of any decision within this circuit to address the issue of whether jeopardy is triggered by filing a claim which is then rejected for failure to comply with the bond and/or the in forma pauperis requirement. However, I find that a defendant who fails to file and pursue a timely, sufficient claim is in the same position as someone who failed to file a claim at all. I reach this conclusion because a person cannot be acquitted, convicted, or punished for purposes of double jeopardy analysis without an adjudication of guilt or innocence. United States v. Scott, 437 U.S. 82, 99, 98 S.Ct. 2187, 2198, 57 L.Ed.2d 65 (1978). Like the claimants in Sherrett and Branum who have voluntarily absented themselves from the forfeiture proceedings by failing to file a claim, defendant has chosen not to become a party to the proceeding by failing to take further actions after the FBI denied his in forma pauperis petition. Because defendant has not made himself a party to the forfeiture, he was not subject to a determination of guilt. Following Judge Jones' lead in this issue, I thus find that defendant's double jeopardy challenge to his criminal conviction must fail. See Sherrett, 877 F.Supp. 519; Branum, 872 F.Supp. 801.[2]
Based on the foregoing, defendant's motion to vacate his conviction (#43) is DENIED.
IT IS SO ORDERED.
NOTES
[1] The parties do not dispute that, under the Blockburger test, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the same offense gave rise to the forfeiture actions and the criminal charge.
[2] Based on the foregoing, I need not reach the government's alternative bases for dismissal. I note, however, that the government correctly stated that this district has held that failure to raise a double jeopardy claim at the time of the plea does not necessarily constitute a waiver. Stanwood, 872 F.Supp. at 796-97.

In addition, I note that this district has already decided that the decision in $405,089.23 should be applied retroactively because it did not establish a new constitutional rule. Id., at 797-98. Finally, it is not up to this court to decide whether $405,089.23 was wrongly decided. It is the law of the circuit and I am obliged to follow its holding.