**UNITED STATES of America**

v.

**Richard Hans NORLAND, Defendant.**

**Nos. CR 94–29–HO, CV 95–6031–HO.**

United States District Court,
D. Oregon.

Aug. 29, 1995.

Kristine Olson Rogers, United States Attorney, District of Oregon, Christopher L. Cardani, Assistant United States Attorney, Eugene, OR, for United States of America.

Richard Hans Norland, Sheridan, OR, defendant, pro se.

### OPINION AND ORDER

ROBERT E. JONES, District Judge.

Defendant Richard Hans Norland petitions to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, contending that the conviction violated his rights under the Double Jeopardy Clause of the Fifth Amendment. After considering the evidence and arguments presented by the parties, I conclude that the motion must be denied.

### FACTS

In May 1993 Norland became one of the subjects of an investigation by the United States Secret Service which concerned a conspiracy to commit wire fraud by generating fraudulent travel agency commissions. On May 26, 1993, the Secret Service seized a total of $4,908.20 from bank accounts listed under the names of Norland and Norland Engineering. By a letter dated August 31, 1993, the United States notified Norland of its intent to administratively forfeit these funds. Norland did not participate in the administrative forfeiture proceedings.

After several months of negotiations between Norland's counsel and the United States, an information charging Norland with conspiracy to commit wire fraud was filed in the Eastern District of Virginia on November 3, 1993. At the same time, Norland signed a plea agreement and a consent to transfer jurisdiction to the District of Oregon. The plea agreement stated that Nor-

land agreed to forfeit the contents of the two bank accounts. The case was transferred the District of Oregon, and on May 2, 1994, the Honorable Michael R. Hogan accepted the plea agreement previously signed by Norland. At that time the court also entered a "Consent Order of Forfeiture" signed by Norland and the United States. Norland was subsequently sentenced to ten months imprisonment.

## DISCUSSION

Norland contends that he was subjected to double jeopardy because the contents of his bank accounts were administratively forfeited before he was convicted of a crime based on the same offense. The United States contends that double jeopardy is not applicable in this case because Norland did not file a claim in the administrative proceedings.

I have previously ruled that jeopardy does not attach with respect to a person who fails to assert a claim in civil forfeiture proceedings. *United States v. Sherrett,* 877 F.Supp. 519 (D.Or.1995); *United States v. Branum,* 872 F.Supp. 801 (D.Or.1994). The civil forfeiture proceeding does not constitute punishment as to such a person because "without risk of a determination of guilt, jeopardy does not attach." *United States v. Torres,* 28 F.3d 1463, 1465 (7th Cir.1994) (*quoting Serfass v. United States,* 420 U.S. 377, 391, 95 S.Ct. 1055, 1064, 43 L.Ed.2d 265 (1975)). The Ninth Circuit recently ruled that an uncontested administrative forfeiture imposes no punishment for purposes of the Double Jeopardy Clause. *United States v. Cretacci,* 62 F.3d 307 (9th Cir.1995).

Norland argues that jeopardy did attach in the administrative forfeiture case, because although he did not file a claim, he clearly had an interest in the forfeited property. However, the essential question for double jeopardy purposes is not whether Norland had a putative interest in the forfeited property, but whether he was subjected to jeopardy in the forfeiture proceedings. The facts in this case are a little unusual, because the United States pursued both an administrative forfeiture and a consent judgment in the criminal case. However, there is nothing in the facts that brings this case within the prohibition of the Double Jeopardy Clause. Norland admittedly did not file a claim in the administrative forfeiture proceeding. Thus, he was not subjected to jeopardy at that time. The later consent order was a part of the criminal case, and did not constitute a separate proceeding. Therefore, the consent order of forfeiture did not violate the Double Jeopardy Clause.

Accordingly, I conclude that Norland was not subjected to double jeopardy. Norland's petition to vacate his conviction and sentence under 28 U.S.C. § 2255 is denied. This proceeding is dismissed.