UNITED STATES of America, Plaintiff,

v.

Sherman JACKSON, Defendant.

Nos. Civ. 95–402–MA, Crim. 90–374–MA.

United States District Court,
D. Oregon.

Nov. 1, 1995.

*Arkansas Wildlife,* and the District Court of Ore- gon in *Saboe.*

Kristine Olson, United States Attorney, District of Oregon, Frank Noonan, Robert Nesler, Assistant U.S. Attorneys, Portland, OR, for Plaintiff.

Emily Simon, Portland, OR, for Defendant.

## OPINION & ORDER

MARSH, District Judge.

Following the entry of a guilty plea on May 7, 1991, petitioner was convicted of two counts of a seven count indictment for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 846 and money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i). On June 7, 1991, petitioner was sentenced to 180 months incarceration on both counts with the sentences to run concurrently.

Petitioner filed this action *pro se* seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Petitioner alleges that his conviction violated the double jeopardy clause because it was preceded by a state civil forfeiture. Petitioner also alleges that he received ineffective assistance of counsel because his attorney failed to raise double jeopardy, failed to challenge the amount of drugs attributable to the defendant, failed to challenge an error in the indictment as to the conspiracy charge and failed to recognize that the government could not prove all elements of the conspiracy charge or the money laundering charge.

Following the filing of his petition, I granted petitioner's motion for appointment of counsel. On July 27, 1995, petitioner's counsel filed a "supplemental memorandum" to augment petitioner's arguments relative to his double jeopardy claim. On August 10, 1995, the government filed a response which addresses the double jeopardy challenge, but which fails to address petitioner's other claims of ineffective assistance of counsel. Petitioner filed a reply on September 22, 1995, addressing only those points raised by the government relative to the double jeopardy claim. Because petitioner has never withdrawn his ineffective assistance of counsel claims relative to defenses to the charges other than double jeopardy and because the government has not responded to these claims, I am treating the government's response as a motion to dismiss the double jeopardy claim only. Further, the record as presented does not make it possible for the court to determine the merits of most of the issues raised by the petitioner with respect to the ineffective assistance of counsel claim.[1] Accordingly, the court will decide the double jeopardy issue, but require further briefing prior to a complete decision on the merits of this petition.

### Double Jeopardy

Criminal and civil forfeiture proceedings which are based upon the same acts may subject a defendant to double jeopardy. *See United States v. $405,089.23 U.S. Currency,* 33 F.3d 1210 (9th Cir.1994), *amended,* 56 F.3d 41 (9th Cir.1995). To attack a criminal conviction under the double jeopardy clause, petitioner bears the burden of demonstrating that jeopardy attached in the civil forfeiture process before he entered a guilty plea in the criminal action. *United States v. Wong,* 62 F.3d 1212, 1214 (9th Cir.1995). The Ninth Circuit has held that uncontested forfeitures constitute actions against proper-

---

1. The one claim I can address now relates to petitioner's claim that his counsel failed to argue that the government failed to meet the "overt act" requirement for the drug conspiracy charge. The Ninth Circuit's prior holding that an overt act was a necessary element of a drug conspiracy has been reversed by the Supreme Court. *United States v. Shabani,* —— U.S. ——, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994); *United States v. Simpson,* 55 F.3d 420, 421 (9th Cir.1995).

ty, not persons, and thus such a taking "imposes no 'punishment' for purposes of the double jeopardy clause." *United States v. Cretacci*, 62 F.3d 307, 310–11 (9th Cir.1995).

The relevant facts are not in dispute. On February 5, 1991, a notice of default and order of civil forfeiture of a 1984 Corvette registered to the petitioner was filed in the Circuit Court for the State of Oregon for Multnomah County. No claims of ownership were ever filed in this proceeding.

Petitioner learned of the forfeiture and thereafter filed a motion to set aside the default on February 18, 1991. Petitioner argued that he was not notified and that his attorney was not properly notified under Oregon Rules governing such procedures. The state opposed the motion, proffering evidence that defendant was personally notified [2] and arguing that the Oregon Rules governing notice to counsel of record were not followed because petitioner's attorney notified the wrong administrative office of his position as counsel for the petitioner. On March 29, 1991, Judge Lee Hess filed an order that based upon his consideration of all submissions, the petitioner's motion was denied.

Although petitioner concedes that he did not file a claim in the state forfeiture proceeding, he argues that this failure should be excused because he never received notice of the proceeding. The government argues that the absence of notice is irrelevant to petitioner's double jeopardy attack upon a subsequent criminal conviction.

 The fact that a property owner may take some steps toward asserting an interest in the property subject to forfeiture is insufficient to trigger jeopardy. *See Wong*, 62 F.3d at 1214 (filing a petition for remission insufficient to trigger jeopardy); *United States v. Arreola–Ramos*, 60 F.3d 188, 189–91 (5th Cir.1995) (claim of denial of due process due to lack of notice of forfeiture

cannot be raised in context of a double jeopardy challenge); *United States v. Muth*, 896 F.Supp. 196 (1995) (filing claim but failing to post bond did not subject petitioner to jeopardy); *United States v. Leaniz*, 1995 WL 143127 (S.D.Ohio 1995) (even if defendant denied notice, forfeiture proceeding is *in rem* and there is no adjudication of defendant's culpability). The fact remains that an uncontested forfeiture proceeding is an action which lies solely against the property. The absence of a party means that there is no adjudication of guilt necessary to sustain a double jeopardy challenge. *United States v. Branum*, 872 F.Supp. 801, 803 (D.Or.1994); *United States v. Torres*, 28 F.3d 1463 (7th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994). Thus, because the defendant failed to file a claim in the state forfeiture proceeding, he was not placed in jeopardy prior to his federal criminal conviction and his double jeopardy challenge fails.[3]

 In addition, even if I found that petitioner could raise a due process challenge to the state forfeiture proceeding, the issue of whether petitioner received notice of the forfeiture has already been decided by Judge Hess. From my review of the record, Judge Hess was fully briefed on the claims, issues and contentions of the parties relative to the notice issue, such that there was a full and fair adjudication of the merits of this claim. Under these circumstances, petitioner is collaterally estopped from denying that he failed to received notice of the forfeiture from state authorities. *See United States v. Real Property Located in El Dorado County*, 59 F.3d 974, 979 (9th Cir.1995) (federal forfeiture claimant collaterally estopped from raising fourth amendment challenge where legality of state search fully and fairly litigated).

 I also agree with the government that this petition is barred by the dual sover-

---

2. The record reveals a notice form, signed by Officer Ed May, on November 29, 1990. The notice indicates that petitioner was personally served on that date but that he "refused" to sign the acknowledgement of receipt. Petitioner contends that he was arrested and taken into custody on November 29, 1990 and that he has no recollection of having received this notice.

3. Whether petitioner has any rights to pursue the validity of the state forfeiture as suggested by the Fifth Circuit in *Arreola–Ramos*, 60 F.3d at 191, is not an issue before me.

eignty doctrine. *See Branum*, 872 F.Supp. at 803–04 (describing the doctrine). Further, petitioner has failed to come forward with anything more than conclusory allegations that the federal prosecution was a "sham" for state authorities under the narrow exception to the dual sovereignty doctrine recognized in *Bartkus v. Illinois*, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959). Such allegations are insufficient to justify relief or an evidentiary hearing. *United States v. Koon*, 34 F.3d 1416, 1438–39 (9th Cir.1994), *cert. granted in part*, —— U.S. ——, 116 S.Ct. 39, 132 L.Ed.2d 920 (1994).

Finally, I reject petitioner's argument that the Ninth Circuit's decision in *$405* changed the law with respect to downward departures from the sentencing guidelines based upon prior forfeitures. The Ninth Circuit's holding in *United States v. Crook*, 9 F.3d 1422, 1426 (1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1841, 128 L.Ed.2d 467 (1994), that a forfeiture constitutes a legally impermissible basis for a downward departure even if "extraordinary," was premised upon the plain language of the guidelines which have not changed since *$405* was rendered. Further, the Supreme Court's decision in *Austin v. United States*, —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), (which formed the basis for the Ninth Circuit's decision in *$405* ), was considered but rejected as having no bearing upon the guideline interpretation addressed in *Crook*. *Id.*, at 1426, n. 6.

*Conclusion*

Based upon the foregoing, I find that petitioner's double jeopardy challenge to his conviction, brought directly and through a claim of ineffective assistance of counsel, are without merit and that portion of the petition (# 56) is dismissed.[4] However, because petitioner raises several other claims of ineffective assistance of counsel which have not been addressed by the government, the remainder of the petition (# 56) remains active. Accordingly, the government shall file any further response to other issues raised in the petition by November 17, 1995, and petition-

er may file any reply thereto by December 1, 1995. Based upon this order, STRIKE petition # 56 from the October 16, 1995, Not for Oral Argument (NOA) Calendar and RESET petition # 56 onto my November 17, 1995 NOA Calendar.

IT IS SO ORDERED.

---

4. Based upon my findings that petitioner was not placed in jeopardy by failing to file a claim in the state proceeding and that petitioner failed to raise facts to invoke the *Bartkus* exception to the dual sovereignty doctrine, I need not reach the government's alternative argument that the state forfeiture was not premised upon the same "offense" as the federal criminal prosecution.