NORRIS CAMPBELL, Plaintiff-Appellant, v. COOK COUNTY SHERIFF'S MERIT BOARD *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—89—0590

Opinion filed June 12, 1991.

Elizabeth Dale and Kenneth N. Flaxman, both of Chicago, for appellant.

John O'Malley, State's Attorney, of Chicago (Joan S. Cherry, Myra J. Brown, and Steven B. Borkan, Assistant State's Attorneys, of counsel), for appellees.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff Norris Campbell (Campbell) appeals from an order of the circuit court which affirmed a decision by defendants, Cook County Sheriff's Merit Board (Merit Board) and James E. O'Grady, Sheriff of Cook County (the Sheriff), to terminate Campbell from his employment as a Cook County deputy sheriff with the Cook County Department of Corrections (Department of Corrections). On appeal, Campbell contends that (1) the Merit Board hearing which preceded the termination of his employment was held without notice in violation of his right to due process of law; and (2) the Merit Board's practice of conducting hearings before a single board member violates its enabling statute. We affirm.

On July 14, 1987, the Sheriff filed a complaint against Campbell with the Merit Board. The complaint alleged that Campbell had been absent from duty at the Cook County jail for a total of 42 days in a six-month period and that those absences constituted a pattern which violated the rules and regulations of the Merit Board and the Department of Corrections. Campbell did not file any pleadings in response to the complaint. A preliminary hearing date was set for August 24, 1987. On that date, Campbell appeared *pro se* and requested a continuance in order to retain an attorney. The Sheriff answered ready. The hearing officer continued the case until September 28, 1987, for a status date and stated: "I want to make sure that everyone knows that then we'll go into a hearing."

On September 28, 1987, Campbell appeared again without counsel. At Campbell's request, the hearing officer continued the case until October 19, 1987, for a hearing. The hearing officer informed Campbell that if he returned without an attorney, the matter would proceed to hearing and that no further continuances would be granted. On October 19, Campbell appeared *pro se* and told the court that he had hired an attorney, but that the attorney could not make it to court on that date. The hearing officer granted Campbell a third and final continuance and set the case for hearing on November 9, 1987.

On November 9, 1987, Campbell appeared *pro se* and told the hearing officer that he had hired another attorney whom he expected to appear on his behalf on that date. Following a brief continuance

during which Campbell's attorney failed to appear, the hearing officer continued the case for hearing on January 4, 1988. On January 4, Campbell failed to appear. The Sheriff made a motion for the entry of an order of default against Campbell and for a prove up hearing. The hearing officer took the Sheriff's motion under advisement. On January 8, the Merit Board entered an order of default against Campbell and set the case for a prove up hearing on January 25, 1988.

On January 25, the Sheriff appeared before the hearing officer for a prove up hearing. At the hearing, the Sheriff called a Department of Corrections personnel supervisor to testify. The personnel supervisor testified that she was in charge of personnel and attendance records for the Department of Corrections. She produced Campbell's attendance record which was introduced into evidence. The record indicated that, exclusive of paid sick days, vacation, personal or other compensated off days, Campbell was absent without authority and without pay on 42 days within a six-month period. At the close of the personnel supervisor's testimony, the Sheriff moved for Campbell's dismissal from the Department of Corrections. The hearing officer took the Sheriff's motion under advisement.

On March 4, 1988, the Merit Board entered an order which sustained the Sheriff's complaint and terminated Campbell's employment retroactive to January 25, 1988. On March 31, 1988, Campbell filed a motion for reconsideration of the Merit Board's decision. Following a hearing on April 18, the Merit Board denied Campbell's motion on May 9, 1988. Thereafter, Campbell filed a complaint in the circuit court seeking administrative review of the Merit Board's decision. Following a hearing, the trial court affirmed the decision of the Merit Board. This appeal followed.

Defendant first contends that the Merit Board hearing which preceded the termination of his employment was held without notice and thus constituted a violation of his due process rights. We disagree.

■■ ■ The essence of due process protection is notice of the pending government action and an opportunity to be heard with regard to that intended action. (*Interstate Material Corp. v. City of Chicago* (1986), 150 Ill. App. 3d 944, 953, 501 N.E.2d 910, 916.) Effective notice is notice that is so full and clear as to inform persons of ordinary intelligence what is proposed. The test is whether the person involved should have anticipated the possible effects and orders. (*Owens v. Second Baptist Church* (1987), 163 Ill. App. 3d 442, 447, 516 N.E.2d 712, 715.) The object of notice is to inform the party notified, and if the information is obtained in any way other than by formal notice, the object of notice is attained. (*Owens*, 163 Ill. App 3d at 447.) Due pro-

cess is not denied when a party fails to avail himself of the opportunity to be heard after it is offered to him. *Grant, Schon, Wise & Grant, P.C. v. Borrowdale Co.* (1983), 114 Ill. App. 3d 89, 92-93, 448 N.E.2d 574, 577.

In the present case, the record indicates that written notice of the hearing dates was mailed to Campbell at his last known address. In addition, Campbell was informed in person at each hearing of the next hearing date. In fact, Campbell appeared on all hearing dates except for the January 4, 1988, date. However, Campbell contends that although he received actual notice of the January 4 hearing, he did not receive formal written notice. He further contends that lack of written notice constitutes denial of his right to due process. In addition, Campbell complains that the Merit Board's failure to inform him of the January 25, 1988, prove up hearing constituted a denial of his due process rights.

■ Campbell's constitutional right to due process was not violated where he was given adequate written and actual notice of his hearing dates. Campbell's failure to appear for the hearing on January 4, 1988, despite having received actual notice at the November 9, 1987 hearing, resulted in the entry of an order of default. Following the missed hearing date, Campbell failed to contact the Sheriff or the Merit Board regarding the January 4 proceedings. Campbell's failure to avail himself of the opportunity to be present and to contest the complaint against him was due to his own inaction and not to lack of notice.

On December 21, 1987, the Merit Board mailed written notice of the January 4, 1988, hearing date to Campbell at his last known address. That letter was returned to the Merit Board with a postal service sticker which indicated that Campbell's mail-forwarding directions had expired. However, the hearing officer's statement on November 9, 1987, that the matter was continued until January 4, 1988, for hearing as well as his statements on October 19, 1987, that the case would proceed to hearing on the next date whether or not Campbell appeared with an attorney were sufficient to inform a person of ordinary intelligence that the case would proceed to hearing on the next date. We therefore conclude that the trial court did not err in finding that the Merit Board provided Campbell with sufficient notice of its January 4, 1988, hearing to satisfy the requirements of due process.

Campbell further contends that the Merit Board's practice of conducting hearings before a single board member is a violation of its enabling statute. We disagree.

The Merit Board's jurisdiction is derived from "An Act in relation to the Cook County Sheriff's Merit Board" (Ill. Rev. Stat. 1987, ch. 125, par. 51 *et seq.* (now Ill. Rev. Stat. 1989, ch. 34, par. 3—7001 *et seq.*)). This act creates the Cook County Sheriff's Merit Board, which consists of three members appointed by the Sheriff. (Ill. Rev. Stat. 1987, ch. 125, par. 52 (now Ill. Rev. Stat. 1989, ch. 34, par. 3—7002).) The Act also gives the Merit Board the authority to hear matters relating to the removal, demotion or suspension of full-time deputy sheriffs and county corrections officers. (Ill. Rev. Stat. 1987, ch. 125, par. 62 (now Ill. Rev. Stat. 1989, ch. 34, par. 3—7012).) The Board is further authorized to promulgate rules, regulations and procedures. Ill. Rev. Stat. 1987, ch. 125, par. 56 (now Ill. Rev. Stat. 1989, ch. 34, par. 3—7006).

The rules and regulations of the Merit Board provide that "[t]he Board or any member thereof, shall hear the case and receive the evidence thereto. All hearings shall be public." (Rules & Regulations of the Cook County Sheriff's Merit Board, Article IX, par. C(1) (1988).) The rules further provide that "[i]f the case is heard by one Merit Board member, the Board shall review the evidence, may review, at its discretion, the hearing transcripts and then the Board shall make its findings and determine its order." Rules & Regulations of the Cook County Sheriff's Merit Board, Article IX, par. D(1) (1988).

Campbell contends that the Merit Board's rules and regulations which allow for one board member to act as a hearing officer violate the provision of the Merit Board's enabling statute which provides that "no full-time deputy sheriff *** or county corrections officer and no employee in the County Department of Corrections shall be removed, demoted or suspended except for cause, upon written charges filed with the Board by the Sheriff and *a hearing before the Board* thereon." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 125, par. 62 (now Ill. Rev. Stat. 1989, ch. 34, par. 3—7012).

■■ Following the hearing conducted by a single board member, the case was taken under advisement. Thereafter, in a written order signed by the entire Merit Board, the board rendered its decision finding Campbell in violation of the rules of conduct of the Merit Board and the Department of Corrections. The decision further ordered the termination of Campbell's employment as a county corrections officer. Since the Merit Board's rules and regulations provide for review by the entire Merit Board of all the evidence presented at the hearing prior to entry of its final order, Campbell has failed to demonstrate that he was prejudiced by the application of the rules and regulations. The Merit Board's review of the evidence prior to rendering its final

decision sufficiently satisfies the statutory requirement of a hearing before the board. (See *McCabe v. Department of Registration & Education* (1980), 90 Ill. App. 3d 1123, 1129-30, 413 N.E.2d 1353, 1358.) We find no conflict between the Merit Board's enabling legislation and its rules and regulations. We therefore conclude that the trial court did not err in finding that the Merit Board's practice of conducting hearings before a single board member does not violate its enabling statute.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

CERDA, P.J., and WHITE, J., concur.