WAL-MART CORPORATION, Petitioner-Appellant, v. THE PROPERTY TAX APPEAL BOARD *et al.*, Respondents-Appellees.

Second District No. 2—95—1410

Opinion filed January 10, 1997.

Marvin G. Freeman and Daniel J. DuBrock, both of Pollack & Weis, of Chicago, for appellant.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Barbara E. Pitts and Marcia L. McCormick, Assistant Attorneys General, of counsel), for appellee Property Tax Appeal Board.

Wayne F. Plaza, Christopher G. Guldberg, Kerry L. Garvis, and Kenneth R. Landis, Jr., all of Rooks, Pitts & Poust, of Chicago, for appellee McHenry County Board of Review.

JUSTICE COLWELL delivered the opinion of the court:

Petitioner, Wal-Mart Corporation, appeals the Property Tax Appeal Board's (PTAB's) tax assessment on a parcel of its property. Wal-Mart contends that it was denied its constitutional right to due process because (1) the PTAB did not effectively notify Wal-Mart that the assessment was being appealed and (2) the PTAB did not consider Wal-Mart's evidence on the appeal. Accordingly, Wal-Mart argues that the PTAB's decision raising the assessed value of its property from $1,460,270 to $2,631,490 on appeal must be reversed.

We are reviewing the PTAB's decision under section 16—195 of the Property Tax Code (Code) (35 ILCS 200/16—195 (West 1994)). Under section 16—195 of the Code, in cases where a change in assessed valuation of $300,000 or more was sought, review shall be afforded directly in the appellate court, and not in the circuit court. We affirm the PTAB's decision.

The facts show that Wal-Mart owns a piece of property in McHenry County. This property was assessed for the 1994 tax year at $1,854,020. Wal-Mart appealed this assessment to the McHenry County Board of Review (board of review), which subsequently lowered the assessed value of the property to $1,460,270. The respondents, Community High School District 155 and Community Consolidated School District No. 47 (school districts), appealed the board of review's decision to the PTAB.

Wal-Mart received a letter dated August 25, 1995, from the PTAB stating that the board of review's decision was being appealed to the

PTAB. The letter stated that the school districts had filed an appeal and informed Wal-Mart:

> "As is provided in our Rules, we are enclosing blank Request to Intervene forms. If you wish to participate in the appeal of your property assessment, please complete the Request to Intervene and return it to the above address by 09/08/95. Should you also wish to submit documentary evidence to support your position, you must do so by the date above or request an extension of time for filing the same."

Wal-Mart did not file the request to intervene form with the PTAB and did not submit any evidence.

On October 3, 1995, the PTAB issued a decision raising the assessed value of Wal-Mart's property to $1,854,020. In a letter to the PTAB dated October 12, 1995, the school districts stated that the numerical value in the decision was inconsistent with the language of the decision, which indicated that the assessed value was to be $2,633,333. On October 17, 1995, the PTAB increased the assessed value of Wal-Mart's property to $2,631,490.

■ We note that under the official rules of the PTAB the PTAB is allowed to amend its decision at any time before the expiration of 35 days if a mistake in the calculation of an assessment or other clerical error is discovered. Accordingly, the decision of October 17, 1995, became the final administrative decision. See 86 Ill. Adm. Code § 1910.40(f) (1994).

Wal-Mart filed a motion for reconsideration before the PTAB on October 27, 1995. The motion had not yet been ruled upon by November 14, 1995, when Wal-Mart filed this petition for review. There is no jurisdictional requirement that Wal-Mart wait until the PTAB rules on the motion before appealing to this court. See 86 Ill. Adm. Code § 1910.40(h) (1994); 35 ILCS 200/16—195 (West 1994).

On appeal, Wal-Mart contends that it was denied due process of law because it was not adequately notified of the appeal. Further, Wal-Mart argues that its due process rights were violated because it was not given an opportunity to present its own evidence on the appeal.

■ First, Wal-Mart contends that the letter the PTAB sent to it concerning the school districts' appeal was not effective notice because it was "nondescript," "uninformative," and "vague." We disagree. Effective notice is notice that is so full and clear as to inform persons of ordinary intelligence what is proposed. *Campbell v. Cook County Sheriff's Merit Board*, 215 Ill. App. 3d 868, 870 (1991). Indeed, the test is whether the person involved should have anticipated the effects and orders possible. *Owens v. Second Baptist Church*, 163 Ill.

App. 3d 442, 447 (1987). As a result, due process is not denied when a party fails to avail itself of the opportunity to be heard after due process is offered to it. *Grant, Schon, Wise & Grant, P.C. v. R.W. Borrowdale Co.*, 114 Ill. App. 3d 89, 92-93 (1983).

We find that Wal-Mart's constitutional right to due process was not violated because it was given adequate written notice that an appeal had been filed and that, if Wal-Mart wished to participate in the appeal, it needed to submit a form by a certain date. The letter at issue stated that "Comm Consolidated S.D. # 47" had filed an appeal with the PTAB concerning Wal-Mart's real property for the year 1994. The letter indicated that "[i]f you wish to participate in the appeal of your property assessment" complete the form and return it by September 8, 1995.

We conclude that this letter properly informed Wal-Mart that an appeal had been filed regarding the assessed value of its property and that to participate in the appeal it had to file a request to intervene. See *Korogluyan v. Chicago Title & Trust Co.*, 213 Ill. App. 3d 622, 627 (1991) (purpose of a notice of appeal is to inform the party in whose favor a judgment has been rendered that the unsuccessful party desires review). Indeed, the letter is clear that a request to intervene is necessary to participate in the appeal. Thus, we find that a person of ordinary intelligence would have recognized that the failure to file the form would bar it from submitting evidence and participating in the appeal process.

Wal-Mart argues, however, that the notice is ineffective because the deadline given to Wal-Mart to intervene is incorrect. Wal-Mart contends that the PTAB's rules state that a party is to be given 30 days to intervene, but the PTAB gave Wal-Mart only 15 days to file the form. Accordingly, Wal-Mart argues, the notice must be deemed inadequate.

We note that in its brief the PTAB admits to this error and that the date given was incorrect. However, we find Wal-Mart's contention to be without merit because Wal-Mart never filed the form, even within the 30-day period. Indeed, the PTAB issued its decision 39 days after sending Wal-Mart the letter, and Wal-Mart had still not responded.

Additionally, we note that Wal-Mart does not give any reason in its brief for its failure to file the form by the due date, to file for an extension of time, or to call the office with any of its questions, as directed by the letter. Wal-Mart also does not argue that but for the incorrect date it would have filed the form. Instead, Wal-Mart merely contends that the incorrect date invalidates the notice. If Wal-Mart had filed the form within the 30-day period, but the PTAB had

refused to allow Wal-Mart into the appeal process, then Wal-Mart's contention may have had some merit. Here, however, Wal-Mart completely failed to act, and we will not invalidate the notice simply because the letter contained an incorrect date.

■ Wal-Mart's second contention is that it was denied due process because it was not allowed to submit any evidence before the PTAB, which meant that the PTAB only reviewed documents provided by the respondents and the board of review. Wal-Mart fails to acknowledge, however, that the same letter that notified Wal-Mart of the appeal also stated that the evidence must be submitted in triplicate by September 8, 1995.

Indeed, the second paragraph of the letter stated, in all capital letters, that any evidence not submitted in triplicate would not be made part of the record until it was properly filed. Further, the letter indicated that Wal-Mart could request an extension of time for submitting evidence. However, as was true with the form to intervene, Wal-Mart never submitted any evidence to the PTAB, even after the deadline.

In any event, we conclude that the letter effectively notified Wal-Mart of the steps it had to take to submit evidence on appeal. Since Wal-Mart did not file the form and submit the evidence, however, it could not participate in the appeal. Accordingly, since Wal-Mart was not a participant in the appeal process, the PTAB was not required to consider its evidence.

In conclusion, we find that the PTAB's letter to Wal-Mart was effective notice and that Wal-Mart's failure to file a request to intervene barred it from participating in the appeal, which includes submitting evidence for the PTAB's consideration.

For the foregoing reasons, the decision of the Property Tax Appeal Board of Illinois is affirmed.

Affirmed.

McLAREN and HUTCHINSON, JJ., concur.