**In re FORFEITURE OF $34,905.00 IN U.S. CURRENCY.**

**Harry D. Detwiler, Petitioner.**

**No. 99–3075–FR.**

United States District Court, D. Oregon.

May 10, 2000.

Kristine Olson, U.S. Attorney, Leslie J. Westphal, Robert D. Nesler, Assistant U.S. Attorneys, Portland, OR, for U.S.

Joseph E. Kellerman, Jason C. Broesder, Hornecker, Cowling, Hassen & Heysell, L.L.P., Medford, OR, for Petitioner Harry D. Detwiler.

FRYE, District Judge.

The petitioner, Harry D. Detwiler, seeks an order directing the return of $34,905.00 which was seized by agents of the Drug Enforcement Administration on January 27, 1997 from Detwiler's property in Ashland, Oregon. Before the court is the motion of the United States of America, by and through the Drug Enforcement Administration (DEA), to dismiss Detwiler's claim (# 4). Leave to amend Detwiler's complaint was granted by this court on February 17, 2000, with instructions to file the amended complaint by February 28, 2000. Although the United States did not object to the filing of the amended complaint, it requested that the court treat its motion to dismiss (# 4) and supporting memoranda as applicable to the amended pleading, which the court has done.

## UNDISPUTED FACTS

On January 24, 1997, agents of the DEA obtained a federal search warrant authorizing its agents to search a dwelling at 2145 Cady Road, Jacksonville, Oregon and at 108 South Mountain Avenue, Ashland, Oregon. Although there is discussion that petitioner Harry D. Detwiler deeded these properties to his children in 1996, for no consideration, Detwiler admitted in interviews that he owned both properties, renting the Cady Road property and residing on the Mountain Avenue property. Detwiler paid approximately $5,500.00 to electrical contractors for the installation of additional electrical services, including electrical outlets in a large brick shop located on the Cady Road property. The electrical services were obtained in Detwiler's name. On January 27, 1997, DEA agents found hundreds of marijuana plants and a dismantled marijuana growing operation on the Cady Road property.

On January 27, 1997, DEA agents recovered a locked metal box in the floor of a closet at Detwiler's Mountain Avenue property. The box contained $33,455.00 in cash, along with uncashed checks from the United States government and the State of Oregon, payable to Detwiler. The sum total of the checks was $18,901.59. An additional $1450.00 in cash was found in a filing cabinet located in an adjacent bedroom. DEA agents seized the currency and initiated an administrative forfeiture action through the DEA. Written notices were sent by certified mail to Detwiler on March 10, 1997. The notice sent to the Mountain Avenue address was signed as received by Detwiler, and the notice sent to the Cady Road address was returned as unclaimed after two delivery attempts by the postal service. On March 19, March 26, and April 2 of 1997, notices were pub-

lished in *USA Today,* a newspaper of general circulation in the District of Oregon. All of the notices advised a claimant to file a petition for remission or mitigation of the forfeiture within thirty days of the receipt of notice and/or to contest the seizure and forfeiture of the property in court. The notices also explained that anyone wishing to make a claim to the seized currency in court must file a claim of ownership and a cost bond, or file an affidavit of indigency in lieu of the cost bond. The last day for Detwiler to file a claim of ownership was twenty days from the date of the first publication of the notice of seizure in the *USA Today* newspaper.

On March 19, 1997, Detwiler sent a letter and documents to the DEA explaining the sources of the currency. Detwiler claimed that the money was from rents he had received; from the payment of a note he held; and from tax-sheltered investments he had cashed to protect his money from six pending lawsuits. On April 3, 1997, the DEA sent notice to Detwiler that it had received his petition for remission and/or mitigation of forfeiture which would be ruled on administratively after the completion of an investigation. The process was to take a minimum of 120 days.

On May 1, 1997, after receiving no claims to the currency, the DEA forfeited the currency to the United States. Detwiler inquired about the status of his case in September of 1997. In response, the DEA notified him that the petition for remission or mitigation of forfeiture was still under consideration. Detwiler corresponded again with the DEA in March of 1998, expressing his frustration at the length of time the investigation was taking. On June 25, 1998, the DEA denied Detwiler's petition for remission or mitigation. Through his legal counsel Detwiler requested reconsideration and provided additional documents. The DEA affirmed its decision.

## CONTENTIONS OF THE PARTIES[1]

The government contends that this court lacks jurisdiction to resolve this matter, and that the complaint fails to state a claim upon which relief can be granted because Detwiler waived his right to contest his case by failing to participate in the administrative forfeiture proceedings commenced by the DEA in March of 1997. Detwiler contends that this court has jurisdiction because (1) the government lacked probable cause to believe the seized property was involved in illegal drug activity; (2) he was an innocent owner; (3) the seizure constitutes an excessive fine; and (4) review of the DEA action is appropriate for this court.

## APPLICABLE LAW

The government's motion to dismiss for failure to state a claim challenges the legal sufficiency of the complaint. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Because the court rules before it receives any evidence, such motions are disfavored. 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (1984). For purposes of the motion, the factual allegations in the complaint are presumed to be true and are viewed in the light most favorable to the non-moving party. *See Cassettari v. County of Nevada,* 824 F.2d 735, 737 (9th. Cir.1987). A motion to dismiss under Rule 12(b)(6) will be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gibson v. United States,* 781 F.2d 1334, 1337 (9th Cir.1986), *cert. denied,* 479 U.S. 1054, 107 S.Ct. 928, 93 L.Ed.2d 979 (1987). The question is not whether the plaintiff ultimately will prevail, but whether he cannot possibly prevail even if the allegations in the complaint are assumed to be true. The court may

---

**1.** Although the government initially contended that Detwiler had failed to comply with Fed.R.Civ.P. 10(a) because he had failed to include the names of all of the parties and had inaccurately named the court in which the complaint was filed, these failures appear to have been remedied in the amended complaint.

not dismiss a claim merely because the pleadings indicate that the likelihood of prevailing is remote. *See Scheuer*, 416 U.S. at 236, 94 S.Ct. 1683. Nor, at this stage of the proceedings, does the court consider whether there is any evidence to support the allegations that have been made in the complaint. In considering whether this court lacks subject matter jurisdiction, matters outside of the pleadings may be considered without converting the motion into a motion for summary judgment. *See McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir.1988), *cert. denied*, 489 U.S. 1052, 109 S.Ct. 1312, 103 L.Ed.2d 581 (1989).

## ANALYSIS AND RULING

Where seized merchandise is a monetary instrument, Congress has delegated jurisdiction to the agency, which is required to follow specific procedures, including providing written notice to each party appearing to have an interest in the monetary instrument by publishing written notice for three successive weeks in a newspaper of general circulation. 19 U.S.C. § 1607(a); 21 C.F.R. § 1316.75. Detwiler does not claim that the DEA failed to provide notice or failed to follow any of the required procedures.

By timely filing a claim and a cost bond, or an affidavit of indigency, a claimant may halt the administrative proceeding, causing the seizing agency to refer the matter to the United States Attorney. 19 U.S.C. § 1608; 21 C.F.R. § 1316.76. Detwiler has never filed a claim and a cost bond, or an affidavit of indigency, thus the DEA appropriately viewed Detwiler's initial correspondence as a petition for remission or mitigation of forfeiture. When the DEA notified Detwiler that his petition for remission or mitigation of forfeiture was denied, it also noted that its decision was not subject to judicial review on its merits and cited several cases supporting that position. *See* Exhibit 13 to Declaration of Larry D'Orazio in Support of Government's Motion to Dismiss Detwiler's Pleading, pp. 1–2. The DEA investigation established that there was probable cause

to believe that the seized currency was furnished or intended to be furnished in exchange for a controlled substance. The DEA also found that Detwiler had failed to provide sufficient documentation to establish the legitimate origin of the forfeited currency. For example, Detwiler failed to provide corroborating evidence that he had received money from the payment of a loan he had made, and Detwiler's bank account reflected rents deposited, which conflicted with Detwiler's contention that a portion of the seized money was rent monies he had received. The DEA also notified Detwiler that the correct forum in which to challenge the constitutionality of a forfeiture is a United States District Court, an option no longer open to Detwiler. *See* Exhibit 13, p. 4.

Although a district court retains jurisdiction to review a prior forfeiture proceeding on a claim of inadequate notice of the prior forfeiture proceeding, there has been no argument that the notice requirements were not met in the case at bar. *See United States v. Clagett*, 3 F.3d 1355, 1356 (9th Cir.1993). The "failure to submit a claim and give a cost bond within twenty days from the first day of publication of the Notice of Seizure, as required by 19 U.S.C. § 1608 and 21 C.F.R. § 1316.76, is dispositive. Merely asserting that the property belonged to him, without complying with the requirements for filing a claim of ownership, is not legally sufficient to terminate the administrative forfeiture proceeding and mandate a judicial adjudication of the forfeiture." *United States v. Castro*, 78 F.3d 453, 456 (9th Cir.1996). Absent a claim and bond, the DEA is obligated to administratively forfeit seized property. 19 U.S.C. § 1609(a), 21 C.F.R. § 1316.77(a).

Although Detwiler is correct when he argues that district courts have original jurisdiction over forfeiture cases under 28 U.S.C. § 1355, this case is not a forfeiture case. Detwiler also correctly concludes that in forfeiture actions under 21 U.S.C. § 881(a)(6), the government must make a

showing of "probable cause for belief that a substantial connection exists between the property to be forfeited and the criminal activity." *United States v. $405,089.23 U.S. Currency*, 122 F.3d 1285, 1289 (9th Cir.1997) (citations omitted). However, this is not a forfeiture action under 21 U.S.C. § 881(a)(6). This case is a belated challenge to a completed administrative forfeiture by a claimant who failed to comply with the claim and cost bond requirements of 19 U.S.C. § 1608. When Detwiler failed to comply with the claim and cost bond requirements of 19 U.S.C. § 1608, the DEA was required, under 19 U.S.C. § 1609, to declare the property forfeited. "There is no authority for finding that anything less than a legally sufficient claim and bond precludes the government from determining that the property is abandoned as a matter of law and the forfeiture is uncontested." *United States v. Castro*, 78 F.3d 453, 456–57 (9th Cir.1996).

## CONCLUSION

Although the petitioner, Harry D. Detwiler, assumed that his property would be returned after an investigation by the Drug Enforcement Administration, this assumption did not abrogate the procedural requirements that remained for him to file a forfeiture claim. Because Detwiler chose to file a claim for remission or mitigation, rather than filing a claim and cost bond to initiate a forfeiture claim in federal court within twenty days of the receipt of notice, he has relinquished his right to file a forfeiture claim, leaving this court without jurisdiction to proceed.

IT IS HEREBY ORDERED that the motion of the United States of America, by and through the Drug Enforcement Administration, to dismiss the claim of Harry D. Detwiler (# 4) is GRANTED. The government shall prepare the appropriate judgment.