No. 2--06--0457          Filed 3-21-07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 05--MR--406 |
| $9,290 in UNITED STATES CURRENCY, ONE BULOVA WATCH, FOUR GOLD RINGS, and TWO GOLD NECKLACES, | ) ) ) ) ) | |
| Defendants | ) ) | Honorable Ronald L. Pirrello, |
| (Sierra Morris, Claimant-Appellee). | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the opinion of the court:

The State appeals from the circuit court's order dismissing its forfeiture complaint on the motion of the claimant, Sierra Morris. The State contends that the motion to dismiss was not accompanied by an affidavit and that the claimant thus failed to establish her ownership interest in the property the State sought to forfeit. We affirm.

In September 2004, the State served a notice of forfeiture on Lonnie Morris, seeking to forfeit the contents of a safe deposit box that Morris had rented. When Morris did not appear, the property was administratively forfeited. On September 1, 2005, the claimant filed a two-count complaint alleging that she had an ownership interest in the property in the safe deposit box. She alleged that because she had received no notice of the forfeiture proceedings, the State had converted her

property. The parties later agreed that the claimant would dismiss her complaint and the State would file a forfeiture complaint.

The State subsequently filed a forfeiture complaint containing the following allegations. In 2004, Illinois State Police trooper Daniel Balsley was investigating alleged drug dealing by Lonnie Morris. Balsley learned that Morris had a safe deposit box containing a large amount of currency at Amcore Bank in Rockford. Balsley learned that Morris had a history of drug-related arrests and was then in the Winnebago County jail. Amcore Bank employees confirmed that Morris had rented a safe deposit box on July 1, 2004, and had accessed it several times since then.

Based on this information, Balsley executed a complaint for a search warrant. Judge Angus Moore issued the warrant and agents of the State Line Area Narcotics Team executed it the same day. In the safe deposit box, agents found $9,290 in currency, one gold Bulova watch, four gold rings, two gold necklaces, and certificates of title for three vehicles registered to Lonnie Morris.

Balsley's affidavit, which was attached to the complaint, alleged the following additional facts. From speaking with Judy Martinez, a bank employee, Balsley learned that on August 5, 2004, Lonnie Morris's two daughters, the claimant and Lori Morris-Tillman, tried to access the safe deposit box. The claimant placed a large handful of gold jewelry on the counter. Martinez denied the women access to the box because they did not have the key. The women left. They returned about five hours later and were given access to the box.

The claimant moved to dismiss the complaint. She alleged that, because she had an ownership interest in the property and had not received notice of the forfeiture within 45 days as required by statute (see 725 ILCS 150/6(A) (West 2004)), the complaint could not proceed.

At the hearing, the State argued that, in seeking to forfeit personal property, it was required to notify only those with an ownership interest of which it was aware, and the claimant's single access to the safe deposit box did not demonstrate that she in fact had any interest in the property therein. The trial court stated that it was "inclined" to accept the State's position, but continued the hearing to allow the parties to present authority. At the continued hearing, the claimant tendered the rental agreement for the safe deposit box, showing that she was listed as a co-lessee with her father. The trial court granted the motion to dismiss and the State appeals.

The State contends that the trial court erred in dismissing the complaint. The State's primary contention is that the motion to dismiss was improper, as it was not accompanied by an affidavit. The State also contends that the claimant failed to establish her ownership interest in the property. The claimant responds that an affidavit was unnecessary because the motion was filed pursuant to section 2--615 (735 ILCS 5/2--615 (West 2004)) rather than section 2--619 (735 ILCS 5/2--619 (West 2004)) of the Code of Civil Procedure and, in any event, the facts showing her interest in the property were apparent from the face of the State's complaint.

"A section 2--615 motion attacks the legal sufficiency of a complaint." Rockford Memorial Hospital v. Havrilesko, 368 Ill. App. 3d 115, 120 (2006). On the other hand, a section 2--619 motion presents affirmative matter that tends to defeat the cause of action. Lo v. Provena Covenant Medical Center, 356 Ill. App. 3d 538, 540 (2005). In either case, we review de novo the granting of such a motion. Havrilesko, 368 Ill. App. 3d at 121; Lo, 356 Ill. App. 3d at 540.

Where a section 2--619 motion relies on grounds appearing on the face of the complaint, it need not be supported by affidavit. O'Hare Truck Service, Inc. v. Illinois State Police, 284 Ill. App. 3d 941, 946 (1996). Here, the facts supporting the motion--that the claimant went to the bank with

a handful of jewelry, later returned with the key, and was given access to the box--were contained in Balsley's affidavit, which was attached to the complaint. See 735 ILCS 5/2--606 (West 2004) (exhibits are part of complaint for all purposes).

Notice of a forfeiture must be given to anyone with a known interest in the property involved. 725 ILCS 150/6(A) (West 2004); see also People ex rel. Foreman v. Estate of Kawa, 152 Ill. App. 3d 792, 798 (1987), quoting Ill. Rev. Stat. 1985, ch. 38, par. 15--2 (now 720 ILCS 5/15--2 (West 2004)) (an "owner," for purposes of the forfeiture statutes, is one " 'who has possession of or any other interest in the property involved' "). Here, the State's allegations that the claimant had access to the box and apparently placed some property in it were sufficient to establish that it knew she had a protectable interest in the box's contents. Thus, regardless of the section under which the claimant moved to dismiss, it was unnecessary for the claimant to attach an affidavit attesting to the facts that were alleged in the State's complaint.

It is true that the claimant injected a factual issue into the hearing by introducing the rental agreement. However, this does not change our conclusion. First, the agreement speaks for itself. The claimant's name appears at the end as a co-lessee, and an affidavit to that effect would have added little. See Goldberg v. Michael, 328 Ill. App. 3d 593, 598 (2002) (plaintiffs did not question existence of settlement agreement on which defendants relied, and affidavit would have been merely cumulative). Moreover, the rental agreement was not particularly probative of the central issue in the case. The issue, after all, was who owned the property in the box, not who leased the box itself. The State's complaint already contained the information that the claimant was able to produce a key to the box and gain access to it. Moreover, the most reasonable inference from the complaint is that the jewelry the claimant placed on the counter when she first tried to gain access to the box is the

same jewelry that the State is now seeking to forfeit. Thus, the critical information was found in the State's complaint. The rental agreement was merely additional circumstantial evidence that at least some of the property in the box belonged to the claimant.

The State argues that the claimant's signature may have been added to the rental agreement after the fact and that the interests of justice require that the State be able to explore the circumstances surrounding the claimant's interest in the box and its contents. This argument fails for several reasons. First, for the reasons just described, the issue of the rental agreement was something of a red herring. The complaint alleged ample facts that should have put the State on notice that the claimant had an interest in the box and its contents. Moreover, the State never questioned the genuineness of the rental agreement in the trial court. The State could have asked the trial court for an evidentiary hearing or for leave to conduct additional discovery on this issue, but did not do so. See Cabrera v. First National Bank of Wheaton, 324 Ill. App. 3d 85, 103 (2001) (failure to request hearing on motion results in waiver).

For the foregoing reasons, the judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

BYRNE and GILLERAN JOHNSON, JJ., concur.