NOTICE

Decision filed 01/24/14. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2014 IL App (5th) 130075

NO. 5-13-0075

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___

| | | |
|---|---|---|
| THE PEOPLE *ex rel.* BRENDAN F. KELLY, State's Attorney of St. Clair County, Illinois, | ) ) ) | Appeal from the Circuit Court of St. Clair County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | Nos. 12-MR-139 & 12-MR-250 |
| SIXTEEN THOUSAND FIVE HUNDRED DOLLARS ($16,500) UNITED STATES CURRENCY, | ) ) ) ) | |
| Defendant-Appellee | ) ) | |
| (William Warner and Cynthia Warner, Petitioners-Appellees; and St. Clair County State's Attorney, Respondent-Appellant). | ) ) ) | Honorable Robert B. Haida and Honorable Stephen P. McGlynn, Judges, presiding. |

___

JUSTICE WEXSTTEN delivered the judgment of the court, with opinion.
Justices Goldenhersh and Chapman concurred in the judgment and opinion.

**OPINION**

¶ 1    The plaintiff, the People of the State of Illinois *ex rel.* Brendan F. Kelly, State's Attorney of St. Clair County, administratively declared $16,500 in United States currency forfeited pursuant to the Illinois Drug Asset Forfeiture Procedure Act (the Forfeiture Act) (725 ILCS 150/1 to 14 (West 2012)).  The petitioners, William and Cynthia Warner, filed a petition to vacate the State's administrative order and dismiss the forfeiture proceedings.  The circuit court entered orders finding that the State improperly denied the petitioners notice in the forfeiture action, vacating the State's administrative declaration of forfeiture, and resetting its previous probable cause hearing to allow notice to be given the petitioners.  The

1

State appeals, arguing that the circuit court violated the separation of powers clause of article II, section 1, of the Illinois Constitution of 1970 (Ill. Const. 1970, art. II, § 1), that the circuit court lacked subject matter jurisdiction to vacate the State's declaration of forfeiture, and that the petitioners had no standing to contest the forfeiture. We reverse.

¶ 2                                    BACKGROUND

¶ 3     On or about March 24, 2012, the United States Postal Service delivered a package to the petitioners, addressed to D. Johnson in North Las Vegas, Nevada. The return address on the package indicated that it was mailed from B. Williams at the petitioners' address in Fairview Heights, Illinois, and the package had been stamped "return to sender." The petitioners were unaware of a B. Williams. On April 9, 2012, William found inside the package $16,500 wrapped in cellophane and thereafter turned the currency over to the Fairview Heights police department.

¶ 4     On April 19, 2012, the State filed a request for preliminary review to determine probable cause that the property may be subject to forfeiture pursuant to the Illinois Controlled Substances Act (720 ILCS 570/505 (West 2012)) and the Forfeiture Act (725 ILCS 150/3.5 (West 2012)), and the State filed an amended request later that day. In the request, the State alleged that the Fairview Heights police department seized $16,500 from "D. Johnson and/or Other Unknown Claimants" and that "due notice *** was given to the Claimant." The State alleged that the property was subject to forfeiture because a trained narcotics-detecting dog reacted to the presence of narcotics on the currency and the amount of currency seized was substantial and inexplicable. The State's request showed that "D. Johnson" was given notice of seizure and intent to forfeit the $16,500.

¶ 5     In the affidavit in support of forfeiture, Lieutenant Steven Evans stated that on April 9, 2012, he seized $16,500 in United States currency from 64 Pine Trail, Fairview Heights, Illinois. Lieutenant Evans stated that William had contacted him and that they opened the

2

package delivered to the petitioners, thereby finding the $16,500. Lieutenant Evans stated that the narcotics-detection dog thereafter vigorously alerted to the package containing the money.

¶ 6 On April 20, 2012, the circuit court entered an order finding that probable cause existed that $16,500 seized "from D. Johnson and/or Other Unknown Claimants" may be subject to forfeiture. On April 24, 2012, the State issued a notice of pending forfeiture to D. Johnson, but the State did not notify the petitioners of the pending forfeiture.

¶ 7 On May 22, 2012, William submitted a letter to the Fairview Heights police department requesting to claim the cash property, if the property was not returned to the rightful owner. On June 7, 2012, William submitted a letter to Brendan F. Kelly, the St. Clair County State's Attorney, to claim the cash he and his wife had "recovered and turned in[ ]to the Fairview Heights Police Department on April 9, 2012." William stated that Police Chief Nick Gailius had contacted him "by mail advising [him] that forfeiture proceedings" had been instituted through the State's Attorney's office. William stated that he had "a valid claim to th[e] money and wish[ed] to be informed of any official proceedings concerning this matter."

¶ 8 On June 13, 2012, the State submitted a notice of declaration of forfeiture to D. Johnson, declaring that a notice of pending forfeiture had been issued to the owners and interest holders of the property and that the statutory 45-day period for responding to the notice had passed, with no verified claim and cost bond being filed with the office. Pursuant to section 6(D) of the Forfeiture Act (725 ILCS 150/6(D) (West 2012)), the State thereby declared the $16,500 forfeited.

¶ 9 On July 6, 2012, the petitioners filed in the circuit court a petition to vacate the State's administrative order and dismiss the forfeiture proceedings. The petitioners alleged that they were entitled to notice pursuant to the Forfeiture Act because their address was listed on the

3

package and because they had sent letters claiming an interest in the package. The petitioners asserted that the package should have been returned to them, as finders, when the original owner was not located. The petitioners also asserted that their due process rights were violated because they did not receive notice of the forfeiture as required by the Forfeiture Act. See 725 ILCS 150/4, 6 (West 2012). The petitioners requested that the circuit court vacate the State's declaration of forfeiture. The petitioners attached to their petition the notice of pending forfeiture and the declaration of forfeiture issued by the State. In the notice of pending forfeiture, the State had included a summary of procedural rights, stating that to avoid forfeiture, an owner or interest holder in the property must file a verified claim for return of the property and a cost bond with the St. Clair County State's Attorney.

¶ 10    On July 31, 2012, the State's Attorney filed a motion to dismiss the petition to vacate the administrative order. The State argued that the petitioners lacked standing to contest the forfeiture proceedings because they had no injury in fact to a legally cognizable interest. The State also argued that the petitioners did not comply with the statutory requirements necessary to claim an ownership interest pursuant to the Estrays and Lost Property Act (765 ILCS 1020/27 (West 2012)).

¶ 11    In their August 13, 2012, response, the petitioners asserted that the State did not have standing to challenge whether they had complied with the Estrays and Lost Property Act because the State was not the owner of the found property. The petitioners also asserted that the money should not have been subject to forfeiture under the Forfeiture Act due to the lack of evidence of narcotics involvement.

¶ 12    On September 12, 2012, the circuit court entered an order finding that the petitioners were claimants entitled to notice of the forfeiture proceedings. The circuit court vacated the State's June 13, 2012, declaration of forfeiture and reset the probable cause hearing to allow notice to be issued to the petitioners.

4

¶ 13    On October 10, 2012, the State filed a motion to reconsider. In its motion, the State argued that the circuit court's September 12, 2012, order was void for lack of subject matter jurisdiction. The State argued that the circuit court lost subject matter jurisdiction 30 days after entry of the probable cause order entered on April 20, 2012. The State also argued that the petitioners did not file a claim pursuant to the Forfeiture Act, which would have afforded them a remedy at law and would have granted subject matter jurisdiction to the trial court. The State argued that their petition was without statutory basis and was not a cognizable cause of action.

¶ 14    On January 25, 2013, at the hearing on the motion to reconsider, the State asserted that the petitioners had failed to comply with the defined statutory remedy if they believed that they were claimants. After the hearing, the circuit court denied the State's motion to reconsider. The circuit court again vacated the State's declaration of forfeiture dated June 13, 2012. The circuit court directed the State to file a petition for preliminary determination and to notify D. Johnson and the petitioners, as claimants, under a new case number. On February 13, 2013, the State filed a notice of appeal.

¶ 15    On July 3, 2013, while this case was pending appeal, the petitioners filed a motion to dismiss for lack of this court's jurisdiction. On July 16, 2013, this court ordered that their motion to dismiss be taken with the case. Because we find that the circuit court's order vacating the State's administrative forfeiture was final and appealable, we hereby deny the petitioners' motion to dismiss. See *In re Forfeiture of $2,354.00 United States Currency*, 326 Ill. App. 3d 9, 11 (2001) (allowing appeal from trial court's order granting petition to vacate nonjudicial forfeiture without prejudice to the State's right to bring a new forfeiture proceeding).

¶ 16                              ANALYSIS

¶ 17    In an effort to deter violations of the Illinois Controlled Substances Act (the

5

Controlled Substances Act) (720 ILCS 570/100 to 603 (West 2012)), the General Assembly enacted the Forfeiture Act (725 ILCS 150/1 to 14 (West 2012)) establishing uniform procedures for the seizure and forfeiture of drug-related assets. The Forfeiture Act is based on the federal narcotics civil forfeiture statute and is to be interpreted "in light of the federal forfeiture provisions contained in 21 U.S.C. 881 as interpreted by the federal courts," except to the extent that the provisions expressly conflict. 725 ILCS 150/2 (West 2012). In addition, the Forfeiture Act is to be liberally construed to effectuate its remedial purpose. 725 ILCS 150/13 (West 2012).

¶ 18    The purpose of the forfeiture provisions of the Controlled Substances Act and the Forfeiture Act is to deter individuals from trafficking in controlled substances by imposing a civil penalty in addition to the criminal penalties already provided. *People v. One Residence Located at 1403 East Parham Street*, 251 Ill. App. 3d 198, 202 (1993). Section 505(a)(5) of the Controlled Substances Act provides for the forfeiture of:

> "everything of value furnished, or intended to be furnished, in exchange for a substance in violation of this Act, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used, or intended to be used, to commit or in any manner to facilitate any violation of this Act." 720 ILCS 570/505(a)(5) (West 2012).

¶ 19    Property subject to forfeiture under the Controlled Substances Act may be seized by the Director of the Illinois State Police or any peace officer without process if there is probable cause to believe that the property is subject to forfeiture under the Controlled Substances Act and the property is seized under circumstances in which a warrantless seizure would be reasonable. 720 ILCS 570/505(b)(4) (West 2012). In the event of such a seizure, notice "shall be given forthwith to all known interest holders that forfeiture proceedings *** shall be instituted in accordance with the Drug Asset Forfeiture Procedure Act." 720 ILCS

6

570/505(c) (West 2012).

¶ 20 Section 3.5 of the Forfeiture Act provides that "[w]ithin 14 days of the seizure, the State shall seek a preliminary determination from the circuit court as to whether there is probable cause that the property may be subject to forfeiture." 725 ILCS 150/3.5(a) (West 2012). "Upon making a finding of probable cause ***, the circuit court shall order the property subject to the provisions of the applicable forfeiture Act held until the conclusion of any forfeiture proceeding." 725 ILCS 150/3.5(e) (West 2012).

¶ 21 Section 6 of the Forfeiture Act provides for nonjudicial forfeiture for personal property that does not exceed $150,000 in value, as an alternative for judicial *in rem* forfeiture proceedings. 725 ILCS 150/6 (West 2012). In such a case, if the State's Attorney is of the opinion that the seized property is subject to forfeiture, "then within 45 days of the receipt of notice of seizure from the seizing agency, the State's Attorney shall cause notice of pending forfeiture to be given to the owner of the property and all known interest holders of the property." 725 ILCS 150/6(A) (West 2012). The notice of pending forfeiture must include the property's description and value, the date and place of seizure, the conduct giving rise to forfeiture or the violation of law alleged, and a summary of procedures and procedural rights applicable to the forfeiture action. 725 ILCS 150/6(B) (West 2012).

¶ 22 Any person claiming an interest in the property which is the subject of notice may, within 45 days after the effective date of notice, file a verified claim with the State's Attorney expressing his interest in the property. 725 ILCS 150/6(C)(1) (West 2012). The claim must set forth the caption of the proceedings and the claimant's name; the claimant's address; the nature and extent of the claimant's interest in the property; the date, identity of the transferor, and the circumstances of the claimant's acquisition of the interest in the property; the name and address of all other persons known to have an interest in the property; the provision of law relied on in asserting the property is not subject to forfeiture; all essential facts

7

supporting each assertion; and the relief sought. 725 ILCS 150/6(C)(1) (West 2012). If a claimant files the claim and deposits with the State's Attorney a cost bond, then the State's Attorney shall institute judicial *in rem* forfeiture proceedings and deposit the cost bond with the clerk of the court within 45 days after receipt of the claim and cost bond. 725 ILCS 150/6(C)(2) (West 2012) (claimant must deposit "with the State's Attorney a cost bond, in the form of a cashier's check payable to the clerk of the court, in the sum of 10 percent of the reasonable value of the property as alleged by the State's Attorney or the sum of $100, whichever is greater, upon condition that, in the case of forfeiture, the claimant must pay all costs and expenses of forfeiture proceedings"). If no claim is filed or bond given within the 45-day period, the State's Attorney shall declare the property forfeited and shall promptly notify the owner and all known interest holders of the property and the Director of the Illinois Department of State Police of the declaration of forfeiture and the Director shall dispose of the property in accordance with law. 725 ILCS 150/6(D) (West 2012).

¶ 23 After the State's Attorney declares the seized property forfeited under section 6(D) and notifies the property owner and all known interest holders, the owner or interest holder receives an additional opportunity to avoid forfeiture. Pursuant to section 14, anyone with an interest in the forfeited property "may, within 30 days of the effective date of the notice of the declaration of forfeiture, file a claim and cost bond" as described in section 6(C). 725 ILCS 150/14 (West 2012). Once a claimant complies with section 6(C) and complies with section 14 by filing a claim and cost bond within 30 days of notice, "the procedures described in Section 9 *** shall apply," and judicial forfeiture proceedings commence when the State's Attorney files a verified complaint for forfeiture. 725 ILCS 150/6(C), 14 (West 2012); *People v. One Thousand Two Hundred Forty Dollars ($1,240)*, 396 Ill. App. 3d 665, 670 (2009).

¶ 24 On appeal, the petitioners argue that their petition should be construed as one filed

8

pursuant to section 2-1401 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-1401 (West 2012)). "To be entitled to relief [from a final judgment or order] under section 2-1401, the petitioner must affirmatively set forth specific factual allegations supporting each of the following elements: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2-1401 petition for relief." *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220-21 (1986). Even if we were to construe their petition as one properly filed pursuant to section 2-1401 of the Code, we would conclude, for the following reasons, that the petitioners failed to exercise due diligence in presenting their claim in the original forfeiture action.

¶ 25    In this case, the State proceeded pursuant to the nonjudicial forfeiture procedure described above. However, the State did not provide the petitioners with notice as contemplated by the Forfeiture Act. See 725 ILCS 150/4, 6 (West 2012). The petitioners argue that they were entitled to such notice as "interest holders" of the property and that the State's lack of proper notice violated their due process rights and rendered the State's forfeiture void. See *People v. Smith*, 275 Ill. App. 3d 844, 846-51 (1995) (State's nonjudicial administrative forfeiture proceedings declared void *ab initio* for State's failure to serve, and defendant's failure to receive, effective notice due process requires). The State notes that the petitioners had actual notice of the forfeiture proceedings in time to properly object to the administrative forfeiture by filing a verified claim and cost bond in the forfeiture case, instead of the petition to vacate administrative order and dismiss forfeiture proceedings in the circuit court. The State argues that because the petitioners failed to file a verified claim and cost bond within the statutory time limits, they cannot properly assert a claim against the nonjudicial forfeiture proceedings.

¶ 26    The underlying facts are essentially undisputed. "Therefore, whether [the]

9

petitioner[s] received notice in accord with due process is a question of law that we review *de novo*." *In re Forfeiture of $2,354.00 United States Currency*, 326 Ill. App. 3d at 13. Statutory construction is also a question of law that we review *de novo*. *People v. Robinson*, 172 Ill. 2d 452, 457 (1996).

¶ 27    We are inclined to agree with the petitioners that they were entitled to proper notice as interest holders of the property.  See 725 ILCS 150/6(A) (West 2012) ("State's Attorney shall cause notice of pending forfeiture to be given to the owner of the property and all known interest holders of the property"); *People v. $280,020 in United States Currency*, 2013 IL App (1st) 111820, ¶ 19 (cash found in claimant's luggage gave claimant a sufficient interest in the cash to contest its forfeiture, even though he did not claim he owned the cash at the time of the seizure); *People v. $9,290 in United States Currency*, 372 Ill. App. 3d 267, 269 (2007) (State's allegations that the claimant had access to box and placed property in it were sufficient to establish that it knew she had a protectable interest in the box's contents). We are also inclined to agree with the petitioners that the State improperly disregarded their inquiries.  See *Glasgow v. United States Drug Enforcement Administration*, 12 F.3d 795, 798-99 (8th Cir. 1993) (agency actions that reflect "an attitude of concealment rather than enlightenment" do not meet the basic demands of due process (internal quotation marks omitted)); *Ramirez v. United States*, 767 F. Supp. 1563, 1570 (M.D. Fla. 1991) (where government actually knows citizen is contesting forfeiture, proceeding with administrative forfeiture violates due process).  "Because the courts have little authority to review the merits of an administrative forfeiture directly, it is all the more important that the citizen be adequately apprised of exactly what he or she needs to do to regain his or her property." *Muhammed v. Drug Enforcement Agency, Asset Forfeiture Unit*, 92 F.3d 648, 654 (8th Cir. 1996) (where the agency was on notice that alleged owners were confused and requesting clarification, the agency had a duty to refrain from further action until tender of the requested

10

information).

¶ 28   Nevertheless, "[t]he essence of due process protection is notice of the pending government action and an opportunity to be heard with regard to that intended action." *Campbell v. Cook County Sheriff's Merit Board*, 215 Ill. App. 3d 868, 870 (1991).  "The object of notice is to inform the party notified, and if the information is obtained in any way other than by formal notice, the object of notice is attained." *Id.*  "Due process is not denied when a party fails to avail himself of the opportunity to be heard after it is offered to him." *Id.* at 870-71.  Likewise, due process requirements do not negate the duty of a person with actual notice to exercise due diligence to preserve his legal rights.  See *In re Medaglia*, 52 F.3d 451, 455 (2d Cir. 1995).

¶ 29   The record reveals that by June 7, 2012, prior to the State's declaration of forfeiture on June 13, 2012, Police Chief Nick Gailius had contacted William "by mail advising [him] that forfeiture proceedings" had been instituted through the State's Attorney's office.  The petitioners thus received actual notice of the administrative forfeiture proceedings in time to file a claim and cost bond to compel the State to proceed by judicial condemnation.  See 725 ILCS 150/6(C)(2) (West 2012).  On July 6, 2012, within 30 days of the issuance of the declaration of forfeiture, the petitioners filed in the circuit court their petition to vacate the administrative order and dismiss forfeiture proceedings, attaching the notice of forfeiture and the June 13, 2012, declaration of forfeiture.  Thus, the petitioners further demonstrated that they had actual notice of the State's administrative forfeiture proceedings and the procedure to contest it in a judicial forum.  At that time, section 14 of the Forfeiture Act provided the petitioners with another opportunity to, "within 30 days of the effective date of the notice of the declaration of forfeiture, file a claim and cost bond as described in subsection (C) of Section 6." 725 ILCS 150/14 (West 2012).  Again, if the petitioners had timely filed such a claim and deposited with the State's Attorney a cost bond, then the State's Attorney was

11

required to institute judicial *in rem* forfeiture proceedings within 45 days after receipt of the claim and cost bond. 725 ILCS 150/6(C)(2) (West 2012). Because the petitioners had actual notice and an opportunity to avoid forfeiture despite the State's failure to properly notify them, we find no due process violation that would render the State's administrative forfeiture void. See *Witt v. Jones & Jones Law Offices, P.C.*, 269 Ill. App. 3d 540, 545 (1995) (due process claim without merit where plaintiffs had actual notice of any alleged defects within the period of the statute of limitations, and it did not matter whether defendants were the source of that actual knowledge); *In re Estate of Doyle*, 229 Ill. App. 3d 995, 999 (1992) (where respondent failed to provide actual notice of claim period, no claim of constitutional dimension where the estate creditor, knowledgeable of the appointment of representatives of decedent's estate within days of decedent's death, had sufficient information to proceed on his claim); *In re Estate of Malone*, 198 Ill. App. 3d 960, 965 (1990) (due process rights not violated where petitioner had actual notice to file motion before expiration of claim period); see also *In re Medaglia*, 52 F.3d 451, 455 (2d Cir. 1995) (where claimant demonstrated actual knowledge of the seizure of property in an administrative forfeiture proceeding, the government's failure to provide published notice as required by applicable regulations did not amount to a violation of due process). Our analysis would differ had the petitioners not had an opportunity under the Forfeiture Act to contest the forfeiture by compelling the State to proceed by judicial condemnation. See *In re Forfeiture of $2,354.00 United States Currency*, 326 Ill. App. 3d at 17 (court held that because the "period for contesting the forfeiture had expired" when petitioner actually received the notice, the State's attempt at notice denied petitioner due process, and the trial court correctly vacated the nonjudicial forfeiture).

¶ 30    The petitioners' failure to timely file the appropriate claim and cost bond is not the result of insufficiency of actual notice; it is the result of their failure to properly act on the

12

notice received. See *In re Estate of Malone*, 198 Ill. App. 3d at 964. Accordingly, this case is a belated challenge to a completed administrative forfeiture by claimants who failed to comply with the claim and cost bond requirements of the Forfeiture Act (725 ILCS 150/6(C) (West 2012)). Filing the claim and cost bond is a prerequisite for judicial challenge of a civil forfeiture. See *People v. $1,124,905 U.S. Currency & One 1988 Chevrolet Astro Van*, 177 Ill. 2d 314 (1997) (Freeman, C.J., dissenting, joined by Miller, J.) (parties seeking statutorily created relief must bring themselves clearly within the prescribed requirements necessary to confer the right of action); see also *United States v. Castro*, 78 F.3d 453, 456-57 (9th Cir. 1996) (only a legally sufficient claim and bond precludes the government from administratively forfeiting the property); *United States v. Muth*, 896 F. Supp. 196, 198 (D. Or. 1995) (a defendant who files a timely claim without the requisite cost bond "is in the same position as someone who failed to file a claim at all"). Although the petitioners may have assumed the property would be returned after an investigation, this assumption did not abrogate the procedural requirements that remained for them to object to the State's forfeiture claim once they received actual notice of the proceedings. See *In re Forfeiture of $34,905.00 in U.S. Currency*, 96 F. Supp. 2d 1116, 1120 (D. Or. 2000). Because they chose to file a petition to vacate the administrative order, rather than filing a claim and cost bond to initiate a forfeiture claim in court and halt the administrative forfeiture proceedings, they relinquished their right to file a judicial forfeiture claim. See *id.*; *Horne v. Office of United States Attorney General*, 662 F. Supp. 237, 238 (E.D. Mich. 1987) (failure to file a claim and cost bond ended chance for judicial remedy).

¶ 31    In sum, we conclude that the circuit court erred in vacating the State's declaration of forfeiture. The petitioners, despite actual notice of the forfeiture proceedings and an opportunity to contest the State's forfeiture, failed to file a verified claim or cost bond pursuant to the Forfeiture Act. By choosing not to comply with the statutory requirements

for asserting their interest in the property, they effectively chose not to contest the forfeiture. See *Castro*, 78 F.3d at 456 (merely asserting ownership in property, without complying with the requirements for filing a claim of ownership, is not legally sufficient to terminate the administrative forfeiture proceedings and mandate a judicial adjudication of the forfeiture). Accordingly, their claim before the circuit court fails. Having reached this conclusion, we need not address the parties' remaining arguments. We hereby reverse the circuit court decision vacating the administrative forfeiture and resetting the matter for a probable cause hearing.

¶ 32                               CONCLUSION

¶ 33    For the foregoing reasons, the circuit court's order vacating the previous declaration of forfeiture and resetting the matter for a probable cause hearing is reversed.


¶ 34    Reversed.

2014 IL App (5th) 130075

NO. 5-13-0075

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE *ex rel.* BRENDAN F. KELLY, State's Attorney of St. Clair County, Illinois, | ) ) ) | Appeal from the Circuit Court of St. Clair County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | Nos. 12-MR-139 & 12-MR-250 |
| SIXTEEN THOUSAND FIVE HUNDRED DOLLARS ($16,500) UNITED STATES CURRENCY, | ) ) ) ) ) | |
| Defendant-Appellee | ) ) | |
| (William Warner and Cynthia Warner, Petitioners-Appellees; and St. Clair County State's Attorney, Respondent-Appellant). | ) ) ) | Honorable Robert B. Haida and Honorable Stephen P. McGlynn, Judges, presiding. |

Opinion Filed: January 24, 2014

Justices: Honorable James M. Wexstten, J.

Honorable Richard P. Goldenhersh, J., and
Honorable Melissa A. Chapman, J.,
Concur

Attorneys for Appellant

Hon. Brendan F. Kelly, State's Attorney, St. Clair County Courthouse, 10 Public Square, Belleville, IL 62220; Patrick Delfino, Director, Stephen E. Norris, Deputy Director, Kelly M. Stacey, Staff Attorney, Office of the State's Attorneys Appellate Prosecutor, Fifth District Office, 730 E. Illinois Hwy. 15, Suite 2, P.O. Box 2249, Mt. Vernon, IL 62864

Attorney for Appellees

Francine M. Johnston, Neubauer & Johnston, 955 Lincoln Highway, Fairview Heights, IL 62208